**UNITED STATES v. PISCIOTTA.**

No. 60, Docket 22450.

United States Court of Appeals Second Circuit.

Argued Oct. 7, 1952.

Decided Nov. 3, 1952.

Rosario Pisciotta, pro se.

Myles J. Lane, U. S. Atty., Thomas F. Burchill, Jr., and David S. Carton, Asst. U. S. Attys., New York City, of counsel, for appellee. ·

Before SWAN, Chief Judge, and L. HAND and FRANK, Circuit Judges.

SWAN, Chief Judge.

This is an appeal in *forma pauperis* by a convict in custody at the United States Penitentiary, Leavenworth, Kansas, under a sentence imposed in the court below on plea of guilty to count 2 of an indictment charging an illegal sale of narcotics. When arraigned in January 1951 the prisoner originally pleaded not guilty, but on May 3rd he changed his plea to guilty. He was represented by an attorney of his own choosing who appeared with him in court when the plea was changed and when sentence was imposed on May 25, 1951. The sentence was seven years imprisonment and a fine of one dollar, fine remitted.

In June 1951 the appellant moved through new counsel for a reduction of sentence. This motion was denied. The motion papers contained no suggestion that the appellant was innocent or that his plea of guilty was not understood by him or that it resulted from fraud or coercion, which are the grounds now asserted for vacation of sentence. The motion to vacate pursuant to 28 U.S.C.A. § 2255 was submitted to the United States Attorney in October 1951 and by him was apparently transmitted to Judge Goddard. The appellant's supporting affidavit alleged that he "did not competently and intelligently enter plea of guilty," nor "voluntarily plead guilty," because his counsel "by mistake or negligence * * * failed to make known to the Court the petitioner's expressed desire to plead not guilty." It further alleged that had his counsel complied with the appel-

lant's "expressed desire" and informed the court of "all the basic facts and circumstances" the court would have seen that he was not guilty. But there was no statement as to what such facts and circumstances were. The affidavit also alleged that the petitioner has an affidavit "which is the confession of the party who did commit the offense" with which the petitioner was charged. It is stated that this confession affidavit will later be submitted to the court, but it never was and it does not appear in the appeal record. In November 1951 the appellant filed a petition for a writ of *habeas corpus ad testificandum* asking that he be produced in court to testify at the hearing on his § 2255 motion. This petition was denied on November 16 "for lack of jurisdiction." [1]

The § 2255 motion was referred by Judge Goddard to the Legal Aid Society for investigation and report to him. Thereafter a Legal Aid attorney filed an affidavit expressing belief in the appellant's innocence, and annexed thereto was an affidavit by appellant's brother Anthony, who had likewise pleaded guilty to the same count of the indictment, that Rosario was not connected in any way with the sale of the narcotics, "did not have knowledge thereof," and "was not present at the place of this sale on October 24, 1950." The Legal Aid attorney also wrote the appellant that on March 25, 1952 he would make a motion to set aside the plea of guilty and sentence. At a hearing on March 26, 1952 at which both the Legal Aid attorney and an Assistant United States attorney made statements in favor of allowing the plea of guilty to be withdrawn and the case to be reconsidered, Judge Goddard announced that the motion to permit the appellant to withdraw his plea of guilty is granted. But no order was entered, and thereafter the Legal Aid attorney apparently changed his opinion and advised Judge Goddard that he had withdrawn from the case, although he had never been formally appointed by the court to represent the appellant. On April 9, 1952 Judge Goddard endorsed on the appellant's motion papers "Application denied." However, on the following day, April 10, 1952, in the presence of the Assistant United States attorney but in the absence of the appellant or any attorney representing him, 'Judge Goddard announced: "We will proceed just as a supplementary hearing in the matter of Rosario Pisciotta for permission to wtihdraw his plea of guilty and for reduction of sentence." He then took the testimony of George H. White, a District Supervisor of the United States Bureau of Narcotics, with headquarters at Boston, who said that he was appearing in response to a request from the court. He testified as to the appellant's past record of narcotic offenses as shown by the files of the Narcotics Bureau, consisting of notes made by agents other than Mr. White. At the conclusion of the testimony the court said: "* * * with this recent addition to the facts relating to Pisciotta, it appears that he has not shown grounds for the Court to allow him to withdraw his plea of guilty or grounds for reduction of the sentence." No formal order was entered, the appellant's motion having been denied on the previous day as already noted.

On April 25, 1952 the appellant moved for a rehearing of the denial of his motion to vacate the sentence. He contends that he was denied due process because (1) he was not brought on to testify in his own behalf, (2) he was not represented by counsel at the hearing, and (3) the testimony of Mr. White was taken in the absence of himself or any attorney representing him. He also asserts that his plea of guilty was obtained "through fraud, coercion and fear of his brother's welfare." The motion for rehearing was denied without opinion on May 19, 1952.

The statute under which the appellant moved to vacate his sentence is printed in the margin.[2] The crucial issues

1. Cf. United States v. Hayman, 342 U.S. 205, 72 S.Ct. 263, decided Jan. 7, 1952.

2. "§ 2255. Federal custody; remedies on motion attacking sentence
"A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was

of fact attempted to be raised by his October 1951 motion and his later motion for reconsideration of its denial are whether he pleaded guilty voluntarily and understandingly or was induced so to plead by fraud or coercion practised upon him by his attorney or his brother. Obviously such issues cannot be determined solely by the files and records of the sentencing court; they will necessarily depend in large part upon the convict's own testimony. In United States v. Hayman, 342 U.S. 205, at page 223, 72 S.Ct. 263, at page 274, the court said: "Where, as here, there are substantial issues of fact as to events in which the prisoner participated, the trial court should require his production for a hearing."[3] But in applying this sound precept the question arises how fully must the convict allege the facts upon which he relies in order to establish that the motion raises "substantial issues of fact." If it were sufficient to allege merely conclusionary statements, such as, "I am innocent but was induced to plead guilty against my

wishes," one can readily imagine how many convicts without valid complaint against their sentences would obtain an excursion from a distant penitentiary at government expense. We think that the motion papers must contain more than merely conclusionary allegations of innocence and of a miscarriage of justice.[4]

■ ■ In the case at bar the appellant's October 1951 affidavit asserts in substance that his attorney let him plead guilty, although he had informed his attorney of the "basic facts" which showed him to be innocent and had expressed the desire to have the attorney inform the court of them. The allegation by a convict that he was innocent of the charge to which he pleaded guilty is not enough to entitle him to a retrial of his guilt under 28 U.S.C.A. § 2255. As was stated in United States v. Gallagher, 3 Cir., 183 F.2d 342, 344, certiorari denied 340 U.S. 913, 71 S.Ct. 283, 95 L.Ed. 659:

"That plea constituted an admission of his guilt, a waiver of all nonjuris-

without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

"A motion for such relief may be made at any time.

"Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto. If the court finds that the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack, the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate.

"A court may entertain and determine such motion without requiring the production of the prisoner at the hearing.

"The sentencing court shall not be re-

quired to entertain a second or successive motion for similar relief on behalf of the same prisoner.

"An appeal may be taken to the court of appeals from the order entered on the motion as from a final judgment on application for a writ of habeas corpus.

"An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention."

3. See also United States v. Paglia, 2 Cir., 190 F.2d 445.

4. Cf. Crowe v. United States, 4 Cir., 175 F.2d 799, 801:
   "Only in very rare cases, we think, will it be found necessary for a court to order a prisoner produced for a hearing under 28 U.S.C.A. § 2255. * * * Production of the prisoner should not be ordered merely because he asks it, but only in those cases where the court is of opinion that his presence will aid the court in arriving at the truth of the matter involved."

dictional defects and defenses, and admitted all the facts averred in the indictment. The appellant, therefore, could not be heard to challenge those facts in a habeas corpus proceeding. Nor can he do so upon a motion under Section 2255 to set aside the judgment of conviction."[5]

Nor will allegations of incompetence or inefficiency on the part of his counsel ordinarily suffice, unless counsel's purported representation "was such as to make the trial a farce and a mockery of justice". United States v. Wight, 2 Cir., 176 F.2d 376, 379, certiorari denied 338 U.S. 950, 70 S.Ct. 478, 94 L.Ed. 586. See also Alred v. United States, 4 Cir., 177 F.2d 193, certiorari denied 339 U.S. 921, 70 S.Ct. 608, 94 L.Ed. 1345. To raise the issue that his plea was not voluntarily and understandingly made but was the result of misconduct by his counsel, the appellant should have alleged the circumstances in which he instructed his counsel to inform the court of facts showing his innocence, and what those facts were. But it would result merely in delay to affirm the order because of the insufficiency of the moving papers, if the defects could be corrected by a new motion based on adequate allegations. Consequently we think the cause should be remanded in order that the appellant may file a supplemental affidavit to cure, if he can, the defects of his October 1951 affidavit. The court will then be in a position to determine whether "substantial issues of fact" are presented which require the prisoner to be brought on to testify at the hearing. Similarly, the affidavit in support of the motion for reconsideration, which for the first time suggests that the plea was obtained "through fraud, coercion, and fear of his brother's welfare," contains no allegations of fact sufficient to raise any substantial issue as to fraud or coercion. The prisoner should be permitted to file a supplemental affidavit setting forth the facts upon which he relies to prove these charges.

5. For cases in accord, see Godish v. United States, 10 Cir., 182 F.2d 342; Wilkins v. United States, 4 Cir., 181 F.2d 495, cer-

 We may add that the hearsay testimony of Mr. White, which might perhaps be treated as an investigative report appropriate for use in a motion to reduce sentence, does not appear to be competent evidence relevant to vacation of sentence on any of the grounds alleged in the motions on review.

The orders on appeal are vacated and the cause is remanded for further proceedings consistent with the foregoing opinion.

tiorari denied 339 U.S. 989, 70 S.Ct. 1013, 94 L.Ed. 1390.