SWEEDEN v. UNITED STATES.
No. 14825.

United States Court of Appeals,
Eighth Circuit.

Jan. 28, 1954.

Virgil Carl Sweeden, pro se.

Edward L. Scheufler, U. S. Atty., and Horace Warren Kimbrell, Asst. U. S. Atty., Kansas City, Mo., for appellee.

Before SANBORN, WOODROUGH and JOHNSEN, Circuit Judges.

SANBORN, Circuit Judge.

This is an appeal from an order denying a motion under Section 2255, Title 28 U.S.C.A., to vacate the sentences imposed on March 12, 1948, under which the appellant, Virgil Carl Sweeden, is presently confined in the United States Penitentiary at Leavenworth, Kansas.

Sweeden on March 12, 1948, at Kansas City, in the Western Division of the Western District of Missouri, entered a plea of guilty to an information in two counts. In the first count he was charged with having passed two counterfeit Federal Reserve Notes in Springfield, Missouri, on January 20, 1948. In the second count he was charged with possession of thirteen similar notes. These charges were based upon what was then Section 265, Title 18 U.S.C.A.

Sweeden was a man thirty years of age with a formidable criminal record. When he was arrested in Springfield in January, 1948, he had only recently been released from the Oklahoma Penitentiary. At the time of his arraignment on the information he was represented by competent counsel, who had been appointed for him by the court one week before the arraignment. Before entering his plea, Sweeden, in the presence of the court and counsel, signed a waiver of indictment and a waiver of his right to be tried in the Southern Division of the Western District of Missouri, at Springfield. The waiver of venue signed by Sweeden stated that he desired to plead guilty and had no defense to the charges with which he was confronted.

The District Court, after having interrogated Sweeden to make certain that he understood the effect of his waivers and of a plea of guilty to the information, accepted his plea and imposed a sentence of ten years imprisonment under the first count of the information and five years under the second count, the sentences to run consecutively. The maximum sentence which might have been imposed was thirty years.

Sweeden was displeased with the sentences, and he sent to Judge Ridge, who

had imposed sentence, the following letter:

"Friday, March 12, '48
"Jackson Co. Jail
"K. C. Mo.

"Hon. Judge Ridge.

"Sir:

"In regards to the severe sentence you gave me on March 12, 1948, I wish to file an appeal on the grounds that I was not guilty of the count of possessing counterfeit money due to the fact that I was not aware of the charge I pleaded guilty to I was under the impression that it was two counts of passing counterfeit money and was not given a copy of the charges until I was before you and had insufficient time to fully understand the charges.

"At the time of my arrest I made restitution to my victims and the remaining money was used to engage an attorney by a signed order of the District Attorney at Springfield, Mo. I was refused permission to talk with my lawyer by telephone and did not have sufficient time to correspond with him via mail. I told the U. S. Marshall here in jail that I had an attorney engaged in Springfield, but was taken to court without being notified in advance and had a court appointed lawyer forced upon me that did nothing in my behalf and only conferred with me about ten minutes before I was given a kangaroo trial in your court. I feel that I was tried on my past record without being even remotely investigated by the U. S. Social Service or they and you would have understood my case better and would not have given me the limit for this crime.

"Please give me the opportunity to plead my own case either in open court or in the privacy of your chambers or grant me an appeal or reduce this exorbitant sentence.

"Hoping to hear from you in the near future.

"Respectfully yours
"Virgil Carl Sweeden"

Following the sending of that letter, and on March 31, 1948, Sweeden and two associates were, in nine counts of an indictment filed in the Southern Division of the Western District of Missouri, charged with nine separate offenses in connection with the passing and possession of counterfeit currency on January 20, 1948, in Springfield, Missouri. Sweeden was arraigned at Springfield upon this indictment on April 5, 1948. He was then represented by two attorneys appointed for him by the court. One of them was A. C. Hayward, of Springfield, the lawyer referred to in Sweeden's letter to Judge Ridge as having been employed by Sweeden to represent him after his arrest.

The record shows that, upon Sweeden's arraignment on April 5, 1948, the following proceedings were had:

"The Court: Mr. Hayward, the defendant Sweeden was before the Court in Kansas City several weeks ago and entered a plea of guilty and an information was there filed. At that time he filed a written consent to waiver of venue and also of his right to an indictment. Counsel was appointed for him in Kansas City before he entered that plea. After sentence was passed upon him he wrote a letter to the Court stating that he had employed you to represent him here in Springfield.

"Defendant Sweeden: Yes, sir.

"The Court: And that against his will he was taken from Springfield to Kansas City and that he never did consent and he was in effect under coercion in entering his waiver of venue, and also his right to indictment in Kansas City. Have you consulted with him concerning that matter?

"Mr. Hayward: Yes, sir. Your Honor, I have consulted with him and he says that he made a mistake in writing this letter, and he is willing to take my advice and Mr. Curtis's and re-enter a plea of guilty here on the former charge.

"Mr. Murphy [Government Counsel]: That hasn't been set aside.

"Mr. Curtis [Counsel for defendant appointed by the Court]: If the Court please, he has said that that letter was written because of some bad advice he received and he has requested that we not file any motion asking that this judgment be set aside. Under those circumstances, I don't think we should.

"The Court: All right. Now, Mr. Sweeden, you understand that is your request that you are making to the court?

"Defendant Sweeden: Yes, sir. You see, I was pretty much upset, you know, when I received that sentence. In plain words, the props was kind of knocked out from under me, and when I got back one of the boys over there told me how to make up the writ; in fact, made it out himself; while I was still that way, I went ahead and signed it. Since then, really I didn't expect any answer to it, or anything, and you know after I thought about it, I thought I just as well go ahead and do it and get it over with.

"The Court: Is there any question in your mind with reference to the charge that was made against you in Kansas City?

"Defendant Sweeden: No, sir.

"The Court: And that you did voluntarily waive your right to venue?

"Defendant Sweeden: Yes, sir.

"The Court: To have the matter heard in Springfield, and that you waived your right to indictment?

"Defendant Sweeden: Yes, sir.

"The Court: And consented to the filing of the information in Kansas City?

"Defendant Sweeden: Yes, sir.

"The Court: And that you are not desiring any further action to be taken with reference to that sentence?

"Defendant Sweeden: That is right, sir.

"The Court: The Court will afford you any opportunity that it can and you have the right, if you are contesting that matter, to have counsel that the Court has here appointed file a motion to vacate and have that matter heard at this time, if you insist upon it.

"Defendant Sweeden: Well, sir, I don't contest that I am guilty or anything, so there is no need of going ahead any further with it.

"The Court: All right. Proceed with the arraignment of the defendants."

Sweeden then entered a plea of guilty to the nine counts of the indictment of March 31, 1948, and received a sentence of two years imprisonment on each count, the sentences to be served concurrently, and to run concurrently with the sentences he was then serving.

The record does not show the date when Sweeden's motion to vacate the sentences which he challenges was filed, but it was apparently in January, 1953. The hearing upon the motion was held on April 2, 1953, at Kansas City, Missouri. Sweeden was present and was represented by counsel of his own choosing. The substance of his testimony is that when he was removed to Kansas City he was not permitted to call A. C. Hayward, whom he had retained at Springfield,[1] and that he had, prior to his sentence, advised the court that he had employed Hayward to represent him. He also stated that he had no recollection of signing a waiver of venue. After stating that he did not contest the accuracy of the transcript of the proceedings of April 5, 1948, when he was

1. The record indicates that A. C. Hayward was retained by Sweeden to represent him at Springfield "in the preliminary hearing and for help in making my bond," and received a fee of $33.78, the balance of Sweeden's genuine money remaining after restitution had been made to his victims.

arraigned on the nine-count indictment at Springfield, he was asked the questions and gave the answers which follow:

"The Court: Then what is it that is your complaint, that you didn't have Mr. Hayward here at Kansas City?

"A. Yes, my complaint is, Your Honor, that under the circumstances in which this thing come up that I thought that I got an excessive sentence providing that I was guilty, not admitting that I am but even providing that I was.

"The Court: Besides excessive sentence, is it your complaint that you should have had Mr. Hayward here, and that you wanted him here?

"A. Yes, because Mr. Hayward said that he knew Mr. Wear and he fared pretty well, and I thought that he could have done a lot more for me than I could under the circumstances. * * *"

The record of the pre-sentence proceedings at Kansas City does not show that Sweeden, either on or prior to the imposition of sentence on March 12, 1948, objected to being represented by counsel who had been appointed by the court, nor does it show that the court was ever informed before sentence was imposed that Sweeden desired other counsel, had retained other counsel, or could procure other counsel. The court, in denying Sweeden's motion to vacate the sentences imposed on March 12, 1948, found, in substance, that he had accepted the services of counsel appointed for him by the court, that he did not inform the court that he had other counsel, and that he voluntarily and understandingly waived indictment and venue and entered a plea of guilty.

There is no merit in this appeal. It is obvious that Sweeden's real complaint was as to the severity of his sentences and not their legality. That the sentences were more severe than he anticipated is of no consequence so far as their legality is concerned. See Friedman v. United States, 8 Cir., 200 F.2d 690, 696.

The order appealed from is affirmed.