John BUONO, Petitioner,

v.

UNITED STATES of America,
Respondent.

United States District Court,
S. D. New York.

Dec. 31, 1954.

John Buono, per se.

J. Edward Lumbard, U. S. Atty., New York City, for respondent, Clement J. Hallinan, Jr., Asst. U. S. Atty., New York City, of counsel.

WEINFELD, District Judge.

The petitioner moves under 28 U.S.C.A. § 2255 "for correction of sentence and release from custody" upon the ground that (1) the sentences imposed upon the substantive counts were void in that those counts were merged in the conspiracy count; (2) the indictment was insufficient in law; and (3) his plea of guilty was entered by reason of duress and fear induced by promises and threats of an Assistant United States Attorney.

The petitioner, together with others, was named in an indictment containing five substantive counts—attempts to sell and the sale on various dates of counterfeit money[1] and a sixth, the inevitable conspiracy count[2].

Petitioner pleaded guilty to three of the substantive counts and also to the conspiracy count. Thereafter he was sentenced to twelve years imprisonment on each of the substantive counts, to run concurrently, and to five years on the conspiracy count, also to run concurrently with the twelve year sentences.

The petitioner concedes the validity of the five year sentence on the conspiracy count, but attacks the twelve year sentences on the ground that the substantive offenses were merged in the

1. 18 U.S.C.A. § 472.

2. 18 U.S.C.A. § 371.

conspiracy charge. Hence he argues that the sentences imposed thereunder were void—that the court had power only to impose a single sentence on the conspiracy count limited to the five year maximum penalty provided for in 18 U.S.C.A. § 371. A sufficient answer to this contention of merger is Pinkerton v. United States, 328 U.S. 640, 66 S.Ct. 1180, 90 L.Ed. 1489.

■ His further contention that the substantive counts were insufficient in law for failure to specify the persons to whom he attempted to pass or sell the counterfeit money is also without merit. Each count charged the essential elements of the offense and with particularity sufficient to enable petitioner (1) to present his defense and not to be taken by surprise in the event of trial; and (2) to plead the judgment of conviction as a bar to another prosecution for the same offense.[3]

■■ Moreover, the failure to raise this issue prior to the entry of his plea of guilty resulted in a waiver of all non-jurisdictional defects. Only where exceptional circumstances exist is the court warranted in relieving petitioner of his waiver so as to permit a collateral attack on the sufficiency of the indictment—in this instance three years after the plea.[4] No exceptional circumstances have been shown to exist in the instant case. Petitioner, at the time of arraignment, plea and sentence, was represented by counsel of his own choice, a member of the bar in good standing, chargeable with knowledge of the rules of law and the full protection of the defendant's rights.[5]

Petitioner further charges that his plea of guilty was entered "under duress and fear pursuant to an agreement with a United States Attorney that a lenient sentence would be imposed." He also charges that he was threatened with a twenty-five year sentence if he did not plead guilty. The former Assistant denies any recollection of ever handling the defendant's case and consequently states he has no recollection of having made any promise or threat of any sort to the defendant in order to induce him to plead guilty.

■ The petitioner asserts that this Assistant was in charge of counterfeiting prosecutions and was the superior of the Assistant in immediate charge of the case. Specifically, petitioner now sets forth dates and places when he alleged he was interrogated by the former Assistant and when it is claimed he was threatened if he did not plead guilty. An affidavit by a Special Agent, United States Secret Service, who was in charge of the matter states that he was present when the Assistant charged with threatening the defendant questioned him and a co-defendant. To this extent it is corroborative of part of petitioner's claim, i. e., that he was questioned by the former Assistant. The Special Agent, however, denies that any promises were made on that occasion in return for a plea of guilty from the defendant. An issue of fact is raised which requires a hearing.[6] The Court will appoint counsel to represent the petitioner's interests.

The United States Attorney is requested to propose an order fixing a date for a hearing and the issuance of the appropriate writ.

3. Berger v. United States, 295 U.S. 78, 82, 55 S.Ct. 629, 79 L.Ed. 1314; Hagner v. United States, 285 U.S. 427, 431–433, 52 S.Ct. 417, 76 L.Ed. 861; Bennett v. United States, 227 U.S. 333, 338, 33 S.Ct. 288, 57 L.Ed. 531.

4. Rule 12(b) (2), Federal Rules of Criminal Procedure, 18 U.S.C.A.; Keto v. United States, 8 Cir., 189 F.2d 247, 251;

United States v. Gallagher, 3 Cir., 183 F. 2d 342, 344, certiorari denied 340 U.S. 913, 71 S.Ct. 283, 95 L.Ed. 659, cited with approval in United States v. Pisciotta, 2 Cir., 199 F.2d 603.

5. United States v. Sturm, 7 Cir., 180 F.2d 413, 416.

6. United States v. Pisciotta, 2 Cir., 199 F. 2d 603.