UNITED STATES of America,
Appellee,

v.

Webster PAGE, Appellant.

No. 163, Docket 23774.

United States Court of Appeals
Second Circuit.

Argued Dec. 12, 1955.

Decided Jan. 18, 1956.

John H. Carroll, Asst. U. S. Atty., New York City (Paul W. Williams, U. S. Atty., New York City, on the brief), for appellee.

Webster Page (on the brief), pro se.

Before CLARK, Chief Judge, and MEDINA and WATERMAN, Circuit Judges.

WATERMAN, Circuit Judge.

On July 3, 1951, after the Legal Aid Society had been assigned to represent him, appellant entered a plea of not guilty to an indictment charging him and his co-defendant, one Turner, with the receipt, concealment, and sale of heroin in violation of 21 U.S.C.A. §§ 173, 174. At

the trial, appellant decided to plead guilty. He did this against the advice of his assigned counsel, who asked the court to relieve him because he disagreed with appellant's intention to plead guilty. Appellant persisted in his plea of guilty despite several attempts on the part of the court to ascertain his reasons. In addition, he refused several offers by the court to assign new counsel before making his plea. Appellant was later sentenced to serve 8 years in jail and pay a committed fine of $5,000, while his co-defendant, a third-time offender, was sentenced to serve 5 years in prison and to pay a committed fine of $1,000. On March 23, 1955, appellant filed a motion pursuant to 28 U.S.C.A. § 2255, to set aside his sentence or, in the alternative, to correct the sentence by reducing it to five years. Judge Murphy denied this motion on the basis of the papers and the record, and this appeal followed.

### I

■ Appellant's chief complaint appears to be that his co-defendant received a sentence of 5 years while he received a sentence of 8 years. 28 U.S.C.A. § 2255 provides for the correction of any sentence imposed "in excess of the maximum authorized by law." Appellant does not contend that his sentence was unauthorized. That an accused, who pleaded guilty, received a sentence more severe than he anticipated is not a ground for vacating or reducing the sentence. Sweeden v. United States, 8 Cir., 1954, 209 F.2d 524; Meredith v. United States, 4 Cir., 1953, 208 F.2d 680.

### II

■ Appellant contends that he was unaware of the nature of the crime of which he was charged, and that he was allowed to plead guilty without the advice of an attorney. There is no merit to these contentions. The indictment, which recited the charge in simple and direct terms, was read to him on two occasions. Clearly he was not denied assistance of counsel, but firmly resisted all efforts of the court to appoint counsel.

### III

■ In his petition below appellant alleged that his plea of guilty was induced by "fear and intimidation by the United States agents and prosecuting attorney," and that he was "in fear for his life and a threat of a long prison term if he didn't enter a plea of guilty." These allegations are merely conclusionary and thus insufficient to support the motion. United States v. Pisciotta, 2 Cir., 1952, 199 F.2d 603, 606; United States v. Rosenberg, 2 Cir., 1952, 200 F.2d 666, 668, certiorari denied 1953, 345 U.S. 965, 73 S.Ct. 949, 97 L.Ed. 1384.

### IV

■ In his brief on appeal, appellant for the first time has alleged facts in support of his charge of intimidation concerning the conduct of United States law enforcement agents. The court below did not have these allegations before it, and its denial of the motion was therefore proper. However, in view of the fact that 28 U.S.C.A. § 2255 provides that the sentencing court "shall not be required to entertain a second or successive motion for similar relief", we think we should follow the procedure utilized in United States v. Pisciotta, 2 Cir., 1952, 199 F.2d 603, 607, where we remanded in order that the appellant might file a supplemental affidavit to cure, if he could, the defects of his moving papers, and said: "The [sentencing] court will then be in a position to determine whether 'substantial issues of fact' are presented which require the prisoner to be brought on to testify at the hearing."

If, within thirty days, the appellant fails to file an affidavit setting forth the facts upon which he relies to prove his charges of intimidation, the proceeding should be dismissed without further hearing.

Remanded for proceedings consistent with the foregoing opinion.