**UNITED STATES of America,**

v.

**Joseph RUSSO, impleaded with Sam Accardi and Frank Di Gregorio, Defendant.**

United States District Court
S. D. New York.

Aug. 14, 1957.

Paul W. Williams, U. S. Atty. for the Southern Dist. of New York, New York City, William S. Lynch, Asst. U. S. Atty., New York City, of counsel, for U. S.

Salvatore J. Iannucci, New York City, for defendant Russo.

LEVET, District Judge.

This is a motion by defendant, Joseph Russo, to vacate a sentence made after a plea of guilty upon the ground that he was deprived of certain constitutional rights in that (1) "defendant was denied confrontation of a witness against him and further denied compulsory process for the attendance of said witness, thereby suppressing his evidence and (2) that

defendant's plea of guilty was induced by coercion of enforcement officers, thereby depriving defendant of due process of law."

*As to the claim re confrontation of witness:*

■ After indictment, the case of Di Gregorio, Accardi and Russo, co-defendants, was called for trial on September 8, 1955. Russo had been in jail since August 3, 1955; Accardi was out on bail. The case was adjourned to September 19, 1955, at which time counsel for Di Gregorio asked for a further adjournment to locate a missing witness. The government considered whether it was obligated to help find the missing witness sought by defendant Di Gregorio. Counsel for Russo, who was present, mentioned the interest of the two jailed defendants in locating the missing witness, but he made no request for anything except postponement. The case was adjourned to September 28, 1955. On said date, counsel for Di Gregorio referred to the still missing witness. The government took the position that it had no responsibility to produce the witness. The Assistant United States Attorney stated that this witness was not in federal custody and that as far as he knew nobody in the federal government knew his whereabouts. A law clerk for Charles T. La Bella, attorney for Russo, presented an affidavit to the effect that La Bella was ill and requested a week's adjournment. On October 3, 1955, Russo withdrew his plea of not guilty and pleaded guilty before Judge Sugarman.

On the same ground as that urged by Russo with respect to this allegedly missing witness, reputedly one Riportello, a special employee, Russo's co-defendant, Di Gregorio, made a motion to vacate his sentence. Judge Sugarman denied his application (United States v. Di Gregorio, 1957, 148 F.Supp. 526). For the same reasons stated by Judge Sugarman, I also conclude that this ground is without merit.

*As to the claim of coercion, etc.:*

■ As to the second ground here raised by Russo, there is a controverted issue of fact. The defendant in his petition says he was coerced by an agent. The agent in his affidavit denies this. Under proper circumstances this requires a hearing and the taking of testimony. Buono v. United States, D.C.S.D.N.Y. 1954, 126 F.Supp. 644, opinion by Weinfeld, J.

Here the record shows the following facts:

1. On October 3, 1955, in the presence of counsel, Russo withdrew his nonguilty plea and entered a plea of guilty before Judge Sugarman.

2. On October 27, 1955, Russo, being represented by counsel, was sentenced, at which time his counsel admitted in his presence that Russo committed the offenses charged in the indictment, namely, substantial sales of narcotics. He said, among other things: "He has never had any transactions and he has never trafficked in this revolting thing at any other time, Judge."

3. Counsel for Russo who appeared at the time of the sentencing states that he knew nothing of the alleged coercion.

Under the circumstances, however, it is my belief that the movant is entitled to a hearing with the right to submit testimony or other evidence. Motley v. United States, 5 Cir., 1956, 230 F.2d 110; Waley v. Johnston, 1941, 316 U.S. 101, 62 S.Ct. 964, 86 L.Ed. 1302. Accordingly, an order may be submitted setting down this issue for hearing at 10:30 A.M. on September 11, 1957, in Room 618, or on such other date as may be agreed upon by court and counsel. Writ of habeas corpus ad testificandum is to issue.

Settle order on notice.