**J. Paul SCOTT, Defendant-Appellant,**

v.

**UNITED STATES of America, Plaintiff-Appellee.**

**No. 14485.**

United States Court of Appeals
Sixth Circuit.

June 30, 1961.

---

---

James Park, Jr., Lexington, Ky. (Robert F. Stephens, Lexington, Ky., on the brief), for appellant.

John W. Morgan, Asst. U. S. Atty., Lexington, Ky. (Jean L. Auxier, U. S. Atty., Lexington, Ky., on the brief), for appellee.

Before MILLER, Chief Judge, and CECIL and O'SULLIVAN, Circuit Judges.

SHACKELFORD MILLER, Jr., Chief Judge.

Appellant, who was represented at the time by counsel of his own choosing, entered pleas of guilty on January 31, 1957 to two counts of an indictment charging (1) conspiracy to rob a national bank and (2) with attempting to enter a national bank with intent to commit a felony, in violation of Sections 371 and 2113, Title 18 U.S.Code, and also to three counts of an indictment charging him with (1) stealing certain firearms, which were the property of the United States, and (2) and (3) the unlawful possession of two 45-caliber machine guns, in violation of Section 641, Title 18, U.S.Code, and Section 5841, Internal Revenue Code, 26 U.S.C. § 5841. He received sentences totaling thirty years imprisonment.

On July 11, 1960, about three and one-half years later, appellant, while serving his sentence in the United States Penitentiary at Alcatraz, moved to withdraw his pleas of guilty pursuant to Rule 32(d), Rules of Criminal Procedure, 18 U.S.C., and Section 2255, Title 28, U.S. Code, on the ground that at his arraignment he was without effective representation by counsel, that he was under the influence of drugs which rendered him incapable of understanding the consequences of his acts, that his pleas of guilty were obtained through fraudulent legal advice of the prosecution before he could consult with a defense attorney, and as a result of certain legal advice and promises made by the prosecution and F.B.I. agents, all of which he asserts was a part of the "full picture of trickery and deceit practiced upon him and the court by the Prosecution and F.B.I. agents."

The transcript of the proceedings upon arraignment shows that in addition to being represented by counsel of his own choosing, appellant was personally questioned by the District Judge and stated to the Court that his counsel had carefully explained to him the charges contained in the two indictments, that he understood the charges, that his pleas of guilty were not induced or in any way brought about by any promise or assurance of any kind from any person, and that he was pleading guilty of his

own free and voluntary accord after he understood the charges.

The District Judge pointed out that there was no controversy with respect to the Court's files and records and that the transcript adequately refuted the allegations contained in appellant's motion, that such allegations constituted mere denials of fact which he readily admitted at his arraignment and were insufficient to raise substantial issues of fact within the meaning of United States v. Hayman, 342 U.S. 205, 72 S.Ct. 263, 96 L. Ed. 232, or to invoke the power of the Court under Section 2255, Title 28, U.S. Code, or under Rule 32(d), Rules of Criminal Procedure. The District Judge held that the files and records of the Court showed that the appellant was not entitled to relief. The motion was denied without a hearing and the proceeding dismissed, followed by this appeal, at which appellant is represented by competent court-appointed counsel. Appellant's main contention is that he was improperly denied a hearing by the District Judge.

We concur in the rulings of the District Judge. Johnson v. United States, 6 Cir., 239 F.2d 698, certiorari denied 354 U.S. 940, 77 S.Ct. 1404, 1 L.Ed.2d 1539; United States v. Thomas, 6 Cir., 291 F.2d 478, and cases therein cited; Burgett v. United States, 8 Cir., 237 F. 2d 247, certiorari denied, 352 U.S. 1031, 77 S.Ct. 596, 1 L.Ed.2d 599; Dario Sanchez v. United States, 1 Cir., 256 F.2d 73, 75–76; Juelich and Larson v. United States, 6 Cir., 257 F.2d 424; O'Malley v. United States, 6 Cir., 285 F.2d 733.

Appellant's motion to withdraw his plea of guilty came after imposition of sentence. Under Rule 32(d), Rules of Criminal Procedure, the Court will consider such a motion made after imposition of sentence only for the purpose of correcting manifest injustice. The District Judge has a wide discretion in passing on a motion to set aside a plea of guilty and his ruling will not be disturbed unless there is an abuse of that discretion. Vasquez v. United States, 9 Cir., 279 F.2d 34; Friedman v. United States, 8 Cir., 200 F.2d 690, 696–697, certiorari denied, 345 U.S. 926, 73 S.Ct. 784, 97 L.Ed. 1357, rehearing denied 345 U.S. 961, 73 S.Ct. 937, 97 L. Ed. 1381. No abuse of discretion is shown in the present case.

The judgment of the District Court is affirmed.