**Sam MELNICK, Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

**No. 20618.**

United States Court of Appeals
Ninth Circuit.

Feb. 8, 1966.

Rehearing Denied March 22, 1966.

Gladys Towles Root, Richard L. Brand, K. E. Nungesser, Los Angeles, Cal., for appellant.

Manuel L. Real, U. S. Atty., John K. Van De Kamp, Asst. U. S. Atty., Chief Crim. Div., J. Brin Schulman, Asst. U. S. Atty., Asst. Chief, Crim. Div., Jules D. Barnett, Asst. U. S. Atty., Los Angeles, Cal., for appellee.

Before CHAMBERS, BARNES, and ELY, Circuit Judges.

---

494

PER CURIAM:

In an indictment of twenty counts, appellant was charged with the commission of criminal acts in violation of sections 2, 371, and 2314 of Title 18, U.S.C. He pleaded not guilty to the charges, and in due course, his trial, consolidated with that of a co-defendant, commenced. After several days of trial proceedings, he, with his attorney, requested that as to Count Twenty of the indictment, he be permitted to withdraw his former plea and enter a plea of guilty. With the permission of the district judge this was done on May 26, 1965. Thereafter, on June 28, 1965, the Court imposed a three-year sentence of confinement under the conviction of the violation alleged in Count Twenty and, upon motion of the Government, dismissed the remaining nineteen counts of the indictment. Subsequently, on August 2, 1965, appellant moved under Rule 32(d), Fed.R.Crim. Proc., that the Court set aside the judgment of conviction and permit him to withdraw his plea of guilty. Upon denial of the motion, this appeal was perfected.

The appellant's motion to vacate the judgment was based principally upon his contention that his plea of guilty was induced by coercion exerted by his co-defendant. The record is adequate to support the District Court's rejection of the claim. It reveals that appellant, throughout the original proceedings, was adequately represented by competent counsel. He stated, as the trial judge was urged to accept his new plea, that his attorney had "done all that anyone could do to counsel and assist [him]" and that he offered his plea of guilty "freely and voluntarily and of [his] own accord". We are convinced, as was the district judge, that these representations were true. The record, with exceptional clarity, supports the conclusion that the appellant fully understood the meaning of the violations charged in the indictment, the acts upon which the charges were predicated, and the possible consequences of conviction, whether by plea of guilty or otherwise.

Appellant admits that his plea was not induced by promise as to the extent of punishment, but we would be naive in supposing that he did not hope for leniency. Under the circumstances, as we can see them here, a sentence of only three years of imprisonment, coupled with dismissal of nineteen counts of the indictment, can hardly be characterized as harsh. That the district judge's measure of leniency did not fully satisfy the appellant's desires does not, of course, afford a valid basis for the motion.

Affirmed.