**Arnold ROSENBAUM, Petitioner,**

v.

**UNITED STATES of America,
Respondent.**

**Civ. No. 68–165–ORL.**

United States District Court
M. D. Florida,
Orlando Division.

Sept. 24, 1968.

Kendell W. Wherry, Asst. U. S. Atty.,
Orlando, Fla., for respondent.

Irving Anolik, New York City, for
petitioner.

ORDER

GEORGE C. YOUNG, District Judge.

This cause came on before the Court pursuant to due notice on September 13, 1968, for a hearing on the petition of Arnold Rosenbaum filed with this Court pursuant to Section 2255, Title 28, U.S.C. The petition seeks to challenge the judgment of conviction and sentence imposed by this Court in Case No. 67–98–Orlando–Criminal brought by the respondent here against the petitioner here.

The 2255 petition alleged "I have been the victim of a misunderstanding or a possible fraud perpetrated against me as I was promised a maximum sentence of two years". The criminal case file revealed that the petitioner was sentenced by this Court on August 12, 1968, after a plea of guilty to Count One of a ten count indictment. Petitioner was sentenced by this Court to the custody of the Attorney General for a period of four (4) years and six (6) months. The transcript of the proceedings on May 6, 1968, when the petitioner pled guilty has been filed in this cause and a copy thereof is attached hereto as Appendix "A". The aforesaid transcript clearly reveals that Mr. Rosenbaum advised this Court that there were no promises made to him in connection with his plea. In the opinion of this Court, therefore, it would have been unnecessary to hold a hearing on the 2255 petition [1] but because of the allegation of fraud in the petition this Court ordered a hearing, at which time petitioner was personally present and represented by counsel from New York City. His attorney, Robert E. Brandt, who had represented him at the arraignment was from Miami, Florida, and did not appear or participate in the 2255 proceedings.

At the hearing on the petition the defendant, petitioner here, testified that "I assumed my counsel knew what he was telling me when he said that if I pled guilty and didn't go through all the

1. Streator v. United States, 395 F.2d 661 (5th Cir. 1968).

procedure of a trial and the time that it would take and so forth that the Court would be lenient and I would get probably two years at the most. The Court never promised anything nor did I have any opportunity to speak to the Court nor anybody from the United States Government in that respect * * * "

A transcript of the 2255 hearing of September 13, 1968 has been filed in this cause and it is apparent from the evidence adduced thereat that the petitioner was not promised any lesser sentence by anyone, including his attorney, Robert E. Brandt. In that connection, a petitioner introduced at the 2255 hearing as an exhibit, a letter from Robert E. Brandt addressed to Irving Anolik, petitioner's present attorney, which letter contains the following sentence: "In none of our conversations with the U. S. Attorney was such a promise made. It was speculated, however, that a sentence of two years at the most would be handed down."

 This Court finds that the sole basis for the petitioner's complaint is a disappointment with the sentence received. Dissatisfaction with the sentence received does not alone render the plea of guilty involuntary and require the vacating of the conviction.

At the close of the hearing this Court advised that it intended to deny petitioner's petition and this order is entered for the purpose of confirming same. It is, therefore,

Ordered that the petition be and is hereby denied and dismissed.

### APPENDIX "A"

THE CLERK: Case No. 67–98–Orlando Criminal, Arnold Israel Rosenbaum.

THE COURT: All right.

MR. BRANDT: May it please the Court, the defendant moves to withdraw his plea of not guilty and to enter a plea of guilty to count one of the indictment.

MR. WHERRY: For the record, Mr. Rosenbaum is represented by Mr. Robert Brandt.

You are Mr. Arnold Israel Rosenbaum; is that correct?

THE DEFENDANT: Yes.

MR. WHERRY: On the 29th day of January, 1968, Your Honor, the defendant appeared with counsel and at that time pled not guilty to, I think it was, eight counts on a criminal indictment involving Section 2313, possession of stolen or disposing of stolen automobiles.

THE COURT: You have heard your attorney, Mr. Rosenbaum, state that you wish to change your plea as to count one from not guilty to guilty; is that correct?

THE DEFENDANT: That is correct, Your Honor.

THE COURT: Do you understand that as to count one, you are charged that "on or about February 15, 1967, in Brevard County, Florida, in the Middle District of Florida, Arnold Israel Rosenbaum, also known as Arnie Ross, did conceal, sell and dispose of a stolen motor vehicle, that is, a 1966 Cadillac, vehicle identification number J6111628, which was then moving as, being a part of, and constituting interstate commerce from the state of New York to Brevard County, Florida, and he then knew the motor vehicle to have been stolen, in violation of Section 2313, Title 18, United States Code."

THE DEFENDANT: Yes, Your Honor.

THE COURT: You understand that if the Court accepts your plea of guilty that you could be fined not more than $5,000 or imprisonment not more than five years or both.

THE DEFENDANT: Yes, Your Honor.

THE COURT: In other words, you could be fined as much as $5,000 or imprisoned for as long as five years or both. You understand that?

THE DEFENDANT: Yes, I do.

THE COURT: You understand that the word "guilty" means that you are admitting each and every allegation of this count?

THE DEFENDANT: Yes, Your Honor.

THE COURT: That you are admitting that you did conceal, sell and that you did dispose of a motor vehicle as specifically described in here?

THE DEFENDANT: Yes, Your Honor.

THE COURT: That said motor vehicle had been stolen.

THE DEFENDANT: Yes.

THE COURT: That you did so unlawfully; you had no lawful authority to sell the car.

THE DEFENDANT: No, I did not.

THE COURT: That you did so willfully, that is, you knew that you were selling it and that you were doing so in violation of the law.

THE DEFENDANT: Yes.

THE COURT: How old are you?

THE DEFENDANT: 38.

THE COURT: What education have you had?

THE DEFENDANT: High school and two years of college.

THE COURT: You also understand that on your plea of not guilty which you previously entered in this case that you are entitled to a trial, a trial either before a jury, or if the jury trial were waived, that you would be entitled to a trial before the Court.

That in either event the Government would have to prove beyond and to the exclusion of a reasonable doubt the charge contained in the indictment, or you would be entitled to a verdict of not guilty and you would be forever discharged.

THE DEFENDANT: I understand.

THE COURT: You understand that?

THE DEFENDANT: Yes.

THE COURT: But by waiving, by pleading guilty, you are waiving your right to a trial at any time either before the Court or before the Jury. You understand that?

THE DEFENDANT: I understand.

THE COURT: You understand that this proceeding is not a trial, and that a plea of guilty waives the right to a trial?

THE DEFENDANT: Yes.

THE COURT: Are you then telling me that you are pleading guilty because you did do that which is charged here?

THE DEFENDANT: Yes, Your Honor.

THE COURT: In addition to any sentence the Court might impose by way of fine or imprisonment or both, a conviction automatically results in a loss of valuable civil rights such as the right to hold public office, the right to get bonds or be bonded for a job, the right to serve on a jury, and other similar rights. You understand that?

THE DEFENDANT: Yes.

THE COURT: Knowing that do you still wish to plead guilty?

THE DEFENDANT: I do, Your Honor.

THE COURT: Now, Mr. Brandt has represented you in this case. He is your own privately employed counsel, is he not?

THE DEFENDANT: Yes.

THE COURT: And have you had an opportunity to discuss this matter with him at length and has it been satisfactory to you?

THE DEFENDANT: Yes, I have.

THE COURT: Mr. Brandt, have you had an opportunity to discuss this with Mr. Rosenbaum before coming in here today?

MR. BRANDT: Yes, Your Honor, we have.

THE COURT: Have you had an opportunity to discuss it with him at length?

MR. BRANDT: At considerable length, Your Honor.

THE COURT: And, Mr. Rosenbaum, are you satisfied with the services which Mr. Brandt has given to you?

THE DEFENDANT: Yes, Your Honor.

THE COURT: And does counsel agree with the proposed change of plea?

MR. BRANDT: Yes, Your Honor.

THE COURT: And is that entered with your consent and approval?

MR. BRANDT: It is, Your Honor.

THE COURT: After full consideration of the case and any defenses that might be raised?

MR. BRANDT: Yes, Your Honor.

THE COURT: Mr. Rosenbaum, has anybody promised that you might get a lesser sentence if you pled guilty to the offense charged in count one?

THE DEFENDANT: No, Your Honor.

THE COURT: Has anyone promised you anything in connection with this plea?

THE DEFENDANT: Nothing at all, Your Honor.

THE COURT: Has anyone used any force, threat or compulsion to get this plea?

THE DEFENDANT: No.

THE COURT: I notice that there are other counts in this indictment charging you—counts three, four, five, six, seven, eight, nine and ten also in this indictment charging you with various alleged offenses. Are you pleading guilty to count one regardless of what the Government might do on these other counts?

THE DEFENDANT: Yes, Your Honor.

THE COURT: Has anyone promised that they will dismiss those counts?

THE DEFENDANT: No one.

THE COURT: Your plea of guilty then is not based on any such promise?

THE DEFENDANT: No.

THE COURT: Is this plea then voluntarily made by you?

THE DEFENDANT: Yes, Your Honor, it is.

THE COURT: It is your free and voluntary wish?

THE DEFENDANT: Yes.

THE COURT: The plea of guilty to count one then is accepted and I will hear from the agent.

THE MARSHALL: Come forward, Mr. Erwin.

THE COURT: Identify yourself, please.

THE WITNESS: John Erwin (spelling) E-R-W-I-N,

Special Agent, Federal Bureau of Investigation.

MR. WHERRY: Relate to the Court the facts involving, the case involving Arnold Israel Rosenbaum.

THE WITNESS: Yes. On February 16, 1967, Mr. Rosenbaum was found in the possession of a 1966 Cadillac by members of the Brevard County Sheriff's Office. This Cadillac was found to have a vehicle identification number on a plastic plate on the doorpost which differed from the vehicle identification number found elsewhere on the vehicle assigned by the Cadillac division.

Investigation by our office found that this Cadillac had in fact been stolen on February 13, 1967 from the owner in New York City.

Further information disclosed that this vehicle had been turned over by Mr. Rosenbaum to one Mr. Muresco pursuant to their arrangement for Mr. Muresco to buy a Cadillac from Mr. Rosenbaum, and then in furtherance of that agreement, Mr. Muresco had given Mr. Rosenbaum $1,000.00.

However, after the vehicle had been turned over by Mr. Rosenbaum to Mr. Muresco, Mr. Muresco found that it did not suit him and returned it to Mr. Rosenbaum following which it was

found in his possession by members of the Brevard Sheriff's office.

THE COURT: Anything you wish to ask Mr. Erwin in connection with this statement or anything you wish to comment on?

MR. BRANDT: I have no questions, Your Honor, of the witness.

I don't know if any comments would be appropriate at this time as to the matter in mitigation, but—

THE COURT: All right, Mr. Erwin. You may be seated. How long do you expect to take for a presentence report?

MR. GIBSON: Your Honor, all of the social background that pertains to the areas in Florida where he may have lived can be obtained readily, but as far as New York and the greater New York area, that presents something of a problem.

Administratively it takes, we have found, several weeks sometimes to obtain collateral information from New York City.

THE COURT: Well, we'll have the pretrial investigation report and adjudication and sentencing set for 10:00 o'clock, June 6, 1968, in this courtroom. I will hear any statements you want to make now unless you care to make them at that time.

MR. BRANDT: No, sir. The only thing is that there are charges on the state level which grow out of this same transaction, to wit, the defendant has entered a plea. He has entered a plea in the state court of guilty to this particular set of circumstances without, of course, the federal ramifications.

The defendant is at the present time cooperating with the authorities in an effort to straighten out this particular situation. There are several civil suits pending and he is in close contact with the state court as to this particular situation.

He has not been sentenced by the state court yet. The state court I think is waiting for the federal court to act, at least, they are up to this point.

THE COURT: All right. Mr. Rosenbaum, be back in this courtroom at 10:00 o'clock on June 6, 1968. All right.

\* \* \* Thereupon, the hearing was concluded.