**UNITED STATES of America, Plaintiff,**

v.

**Andrew THEODOROU, Defendant.**

**Nos. 80 CR 312–1, 80 CR 370–1.**

United States District Court,
N.D. Illinois, E.D.

Dec. 30, 1983.

---

Joseph N. Hosteny and Ann C. Williams, Asst. U.S. Attys., Chicago, Ill., for plaintiff.

David Morris and Sam Adam, Chicago, Ill., for respondent.

## MEMORANDUM

LEIGHTON, District Judge.

Andrew Theodorou was sentenced pursuant to guilty pleas he tendered in two indictments, No. 80 CR 312[1] and No. 80 CR

---

1. With respect to the 80 CR 312 indictment, Theodorou agreed to plead guilty to four counts in return for seven additional counts being dismissed. He was aware that the mandatory minimum sentence he could receive would be seven years and the maximum could be sixteen years. (Tr. 680–691) The court sentenced Theodorou to two consecutive five-year prison terms and fined him $25,000.

$370.^2$ On February 2, 1982, he filed a motion pursuant to 28 U.S.C. § 2255 to vacate both the judgments and the sentences of these District Court cases. Theodorou contends that he was coerced into the guilty pleas. In addition, he asserts that he did not understand the length of the sentences he could receive pursuant to these guilty pleas. Consequently, Theodorou desires to withdraw these pleas of guilty and to have the sentences set aside through the use of this 28 U.S.C. § 2255 motion.

28 U.S.C. § 2255 of the United States Judicial Code regulates the procedure to vacate or correct a sentence. Section 2255 provides that a prisoner in custody may move the sentencing court to vacate, set aside, or correct a sentence for various reasons, all of which deal with the constitutionality of the sentence.$^3$ If the court determines that one of the reasons exists, the court must vacate and set aside the sentence.

■■■ A proceeding under Section 2255 is a new proceeding, independent of that in which the sentence it attacks was entered. *Heflin v. United States,* 358 U.S. 415, 79 S.Ct. 451, 3 L.Ed.2d 407 (1959). The function of a Section 2255 motion is to bring to the attention of the court errors which, if known, would have prevented rendition of judgment. *United States v. Davis,* 212 F.2d 264 (7th Cir.1954); *United States v. Kranz,* 86 F.Supp. 776 (1949).

■■■ Under the guidelines of 28 U.S.C. § 2255, the trial court, and only the trial court, may hear the motion to vacate the sentence. However, a hearing is not necessary if the court is entirely familiar with the facts of the case. *United States v. Scott,* 292 F.2d 49 (6th Cir.1961), *cert. denied,* 368 U.S. 879, 82 S.Ct. 128, 7 L.Ed.2d 79 (1961), *United States v. Tammaro,* 93 F.R.D. 826 (N.D.Ga., 1982). A hearing is required unless the "files and records of the case conclusively show the prisoner is enti-

tled to no relief." 28 U.S.C. § 2255. If it plainly appears from the face of the motion and any prior proceedings that the petitioner is entitled to no relief, the motion should be summarily dismissed.

■■ As stated in the Advisory Committee Notes to 28 U.S.C. § 2255, the appropriate inquiry is "whether the claimed error of law was a fundamental defect which inherently results in a complete miscarriage of justice." *Davis v. United States,* 417 U.S. 333, 94 S.Ct. 2298, 41 L.Ed.2d 109 (1974).

■■ In this situation, Theodorou contends that the sentences imposed are unconstitutional and violate Rule 11, Fed.R. Crim.P. Rule 11 regulates the procedure of the Federal Courts with respect to pleas by defendants. Essentially, a guilty plea will be considered valid and binding on the defendant if the plea was made voluntarily and intelligently. *Brady v. United States,* 397 U.S. 742, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970).

■■ Rule 11 outlines the procedure to be followed by a District Court in order that the defendant's constitutional rights are protected. Rule 11(c) and (d), Fed.R. Crim.P. If the procedure is not fully adhered to, the defendant must be given the opportunity to plead anew. *McCarthy v. United States,* 394 U.S. 459, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1969).$^4$ However, failure to comply with the formal requirements of Rule 11 is not, by itself, grounds for relief under Section 2255. *United States v. Timmreck,* 441 U.S. 780, 99 S.Ct. 2085, 60 L.Ed.2d 634 (1979). Relief can be given if the defendant was prejudiced by lack of understanding of the plea or if the plea was given involuntarily. *Timmreck.*

■■ In his motion, Theodorou alleges his pleas of guilty were not made voluntarily. Theodorou states that he was coerced into pleading guilty by the United States Attorney. The plea bargain offered by the

**2.** With respect to the 80 CR 370 indictment, Theodorou orally agreed to plead "blindly" to one of the three counts, the other two counts being dismissed. By pleading "blindly", Theodorou agreed to accept any sentence imposed. He was sentenced to two years in prison to run consecutively to the sentences imposed in 80 CR 312.

**3.** There are four grounds enumerated in 28 U.S.C. 2255:
   i. The sentence was imposed in violation of the Constitution or the Laws of the U.S.

   ii. The court was without jurisdiction to impose such a sentence.
   iii. The sentence was in excess of the maximum authorized by law.
   iv. The sentence is otherwise subject to collateral attack.

**4.** The Seventh Circuit, in *United States v. Davis,* 212 F.2d 264, at 267 (7th Cir.1954), adopted a formula to determine whether Rule 11 has been complied with. "Where it fairly appears that a plea of guilty was made under a mistake or apprehension, the accused shall be permitted to withdraw it."

prosecution required that all defendants plead guilty, or there would be no agreement. Theodorou claims that this pressure caused him to plead guilty rather than to adhere to his claim of innocence. Under Rule 11, a plea of guilty may not be accomplished through the use of threats or coercion by the prosecutor, the government, or the court.

■ Here, however, the United States Attorney merely explained the conditions of the plea agreement. Any pressure on Theodorou could only arise from the other defendants. Rule 11 does not envision pressure or coercion from co-defendants as a violation of a defendant's constitutional rights. Coercion is not determined by whether there are external forces inducing the defendant to plead guilty. Rather, coercion is determined by whether these forces are constitutionally acceptable. *United States v. Martinez,* 486 F.2d 15 (5th Cir.1973). In this instance, any coercive pressure came from the co-defendants, not the prosecuting attorney, the government or the court. Allegations of coercion by co-defendants are not recognized as a violation of Rule 11's requirement precluding coercion. *See Melnick v. United States,* 356 F.2d 493, (9th Cir.1966), *United States v. Webster,* 468 F.2d 769 (9th Cir.1972), *cert. denied,* 410 U.S. 934, 93 S.Ct. 1385, 35 L.Ed.2d 597 (1973). Consequently, Theodorou's claim that the court's acceptance of his guilty plea violated Rule 11 is incorrect.[5]

Theodorou also contends that he did not understand the consequence of his guilty pleas. First, he states that he was under the impression that a New Jersey indictment against him would be dismissed. Second, he states that the sentence imposed pursuant to 80 CR 312 was in excess of what he had anticipated. Third, he alleges that he was not aware that the 80 CR 370 sentence could be imposed to run consecutively to the two five-year sentences of 80 CR 312.[6]

■ Theodorou contends he would not have pleaded guilty if he had known the New Jersey proceedings would not be dismissed.[7] This intimates that Theodorou would not plead guilty if there was a possi-

bility of his receiving a sentence from the New Jersey state courts in addition to any federal sentence. As the New Jersey indictment was eventually dismissed, he was not given an additional sentence and his motivation for pleading guilty was not compromised. Since he was not sentenced, the incorrect assumption he made did not prejudice him. Therefore, he is not entitled to relief as to this claim.

Theodorou also claims that the sentences handed down pursuant to 80 CR 312 and 80 CR 370 should be vacated on the grounds that the sentences were in excess of what he had anticipated. He alleges that he was under the impression that he would not be sentenced for more than seven years under 80 CR 312, in spite of the fact that seven years was the agreed minimum and he was told by the court that he could face a sixteen year sentence.

■ Rule 11 prohibits the court from accepting a guilty plea from a defendant who does not fully understand the consequences of the plea. The plea must be intelligently made. To assure the defendant's understanding, the court must alert the defendant to the possible consequences of pleading guilty. Pursuant to Rule 11, the court should address the defendant in open court. A.B.A. Standards for Criminal Justice 14–4.1 (2d ed. 1980). The court must address the defendant and inform him of the mandatory minimum and the maximum possible penalty. However, the defendant need not be advised of the sentence he will receive. *Paradiso v. United States,* 482 F.2d 409 (3rd Cir.1973), *Ruiz v. United States,* 494 F.2d 1 (5th Cir.1974), *cert. denied,* 419 U.S. 899, 95 S.Ct. 181, 42 L.Ed.2d 144 (1974). In this situation, Theodorou was apprised of the mandatory minimum sentence and the possible maximum sentence in open court. While it is true that the answers given by a defendant in court regarding his understanding of the consequences of his plea are not conclusive, *United States v. Scarborough,* 527 F.Supp. 380 (W.D.Tex., 1981), the answers may be considered in determining the extent of the defendant's understanding.

---

**5.** It is sufficient if the judge determines that the plea was voluntary, as supported by the record of the entire proceeding. *Cochran v. United States,* 365 F.2d 310 (6th Cir.1966).

**6.** He also contends that his parole will be delayed unjustly and that the presentence report was unfairly prejudicial. First, a court is not a

parole board. Second, a presentence report may contain items not admissible as evidence.

**7.** Theodorou had also been indicted in New Jersey. Extradition proceedings initiated in the Cook County Circuit Court (Illinois) had been dismissed when New Jersey failed to pursue its extradition warrant.

A defendant who receives a longer or more severe sentence than he anticipated is not entitled to relief under 28 U.S.C. § 2255. *Motley v. United States,* 230 F.2d 110 (5th Cir.1956); *United States v. Page,* 229 F.2d 91 (2nd Cir.1956); *Rosenbaum v. United States,* 290 F.Supp. 70 (D.C. Fla., 1968), *aff'd,* 413 F.2d 298 (5th Cir. 1969). Consequently, the fact that Theodorou anticipated a shorter sentence does not render his guilty plea invalid.

Theodorou contends that he was unaware that the sentence imposed under 80 CR 370 could run consecutively to the two five-year sentences imposed under 80 CR 312. Although it is proper to allow a defendant to withdraw a plea of guilty when the defendant completely misunderstands the length of the sentence which will be imposed, *United States v. Kent,* 397 F.2d 446 (7th Cir.1968), *cert. denied,* 393 U.S. 1081, 89 S.Ct. 860, 21 L.Ed.2d 773 (1969), neither Rule 11 or the due process clause require a court to alert a defendant to possible consecutive sentences under a multi-count indictment before he pleads guilty. *Johnson v. United States,* 460 F.2d 1203 (9th Cir.1972), *cert. denied,* 409 U.S. 873, 93 S.Ct. 206, 34 L.Ed.2d 125 (1972); *Paradiso v. United States,* 482 F.2d 409 (3rd Cir.1973). If a court does not have to advise a defendant of possible consecutive sentences pursuant to one indictment, it follows that a court would not have to advise a defendant that the sentence he is receiving will run consecutive to a sentence imposed in a wholly separate indictment. Therefore, even if Theodorou was not aware that a sentence could be imposed consecutively to the previously issued sentences, there has been no violation of Rule 11.

In conclusion, Andrew Theodorou's motion to vacate the sentence pursuant to 28 U.S.C. § 2255 is denied. His guilty plea was not coerced because any pressure to plead guilty could only have come from his codefendants. This type of pressure is not considered a violation of a defendant's constitutional rights. The fact that Theodorou misunderstood the status of the New Jersey indictment is not an error for which Section 2255 provides relief. The scope of the Section 2255 motion has been effectively limited by the Supreme Court in *Timmreck* to address only constitutional errors as opposed to mere technical violations of Rule 11 procedure. Furthermore, as the New Jersey suit was eventually dismissed, his misunderstanding did not prejudice him.

As far as Theodorou's misunderstanding as to the length of his sentence pursuant to 80 CR 312, he acknowledged in open court that he understood the ramifications of his plea. While he anticipated a shorter sentence, the fact that he received a sentence longer than anticipated is not grounds for vacating the sentence. Finally, the fact that Theodorou did not realize that the 80 CR 370 sentence could be imposed consecutive to the 80 CR 312 sentence is not grounds for vacating the sentence. It is not a violation of Rule 11 if the sentencing court fails to advise a defendant that a sentence to be imposed may be imposed to run consecutive to other sentences. Accordingly, Theodorou's petition for relief under 28 U.S.C. § 2255 is denied.

So ordered.