**UNITED STATES of America**

v.

**Lloyd Neill STRICKLAND.**

**No. 89–24–01–CR–7.**

United States District Court,
E.D. North Carolina,
Wilmington Division.

Oct. 16, 1989.

Edwin C. Walker, Asst. Fed. Public Defender, Raleigh, N.C., for Strickland.

Richard H. Moore, Raleigh, N.C., for U.S.

ORDER

BRITT, Chief Judge.

This matter is before the court on motion by defendant for discovery of information affecting guideline sentencing. For the reasons expressed hereinbelow, the motion is denied.

The defendant specifically requests the court to order the government to disclose to the defendant the following information: (1) the guideline the government contends is applicable to this case, (2) any aggravating offense characteristics the government contends are applicable to this case, (3) any aggravating adjustments the government contends are applicable to this case, and (4) the grounds, if any, that the government will argue justify an upward departure in this case. The defendant argues that this

information is necessary to ensure the voluntariness of a guilty plea and the effective assistance of counsel. Without early disclosure of relevant sentencing information the government may have, the defendant contends a court cannot satisfy itself of the defendant's awareness of his likely exposure to punishment and counsel cannot fulfill his obligation to help the client meaningfully access the advantages of pleading guilty.

The purpose of Rule 11 of the Rules of Criminal Procedure is to ensure the defendant is aware of the consequences of his plea. *See McCarthy v. United States*, 394 U.S. 459, 464, 89 S.Ct. 1166, 1170, 22 L.Ed.2d 418 (1969). Rule 11 requires that "the district court must, before accepting the plea, inform the defendant of 'the mandatory minimum penalty provided by law, if any, and the maximum penalty provided by law.'" *United States v. Fernandez*, 877 F.2d 1138, 1142–43 (2d Cir.1989). Though it might be desirable if a defendant were fully aware of his likely sentence under the Sentencing Guidelines at the time he enters a plea, there is no such requirement in Rule 11 or the Sentencing Guidelines. *See Fernandez*, 877 F.2d at 1143. Under the Sentencing Guidelines, "although various factors will increase or enhance the range of a particular defendant's sentence, the maximum sentence will never exceed the maximum provided by statute" and the minimum sentence will be imposed even if a defendant falls into a lower sentencing range under the Guidelines. *United States v. Turner*, 881 F.2d 684, 686 (9th Cir.), *cert. denied*, —— U.S. ——, 110 S.Ct. 199, 107 L.Ed.2d 153 (1989); *see also* Sentencing Guidelines, 5G1.1 Commentary. Therefore, the requirements of Rule 11 are met if a defendant is informed of the maximum and minimum sentence for the offense with which he is charged.

The law in this circuit prior to the Sentencing Guidelines was that a defendant was not entitled to withdraw his guilty plea based on ineffective assistance of counsel because his attorney erroneously estimated his sentence. *Little v. Allsbrook*, 731 F.2d 238 (4th Cir.1984). The

Sentencing Guidelines do not avoid the effect of our precedents on this issue. *See United States v. Sweeney*, 878 F.2d 68, 70 (2d Cir.1989). Before the guidelines, there was a minimum and maximum sentence allowable under the statute and it was within the judge's discretion to impose sentence within the allowable range. Under the Guidelines, there still exists a minimum and maximum sentence although a judge's discretion is limited in that he must impose a sentence in accordance with the Guidelines. "The Sentencing Guidelines should make it easier for defense counsel to advise a defendant regarding the probable sentencing range with greater accuracy because the various factors that will affect the computation of the offense level and criminal history category are spelled out." *Turner*, 881 F.2d at 687. Therefore, defense counsel is in no greater need of information concerning the government's theories or arguments with regard to sentencing than he was before the Sentencing Guidelines. *See Sweeney*, 878 F.2d at 70.

It is, therefore, ORDERED that the defendant's motion for discovery of information affecting guideline sentencing is denied.