**UNITED STATES of America**

v.

**Anselmo NAVAREZ, et al.**

**No. 89 CR 638.**

United States District Court,
N.D. Illinois, E.D.

Dec. 6, 1989.

Mark Rotert, Asst. U.S. Atty., Chicago, Ill., for the U.S.

Keith Spielfogel, Robert Rascia, Kenneth Wadas and Domingo Vargas, Chicago, Ill., for Anselmo Navarez, et al.

MEMORANDUM OPINION

BRIAN BARNETT DUFF, District Judge.

In August 1989 a federal grand jury charged Anselmo Navarez and three other persons with possession of cocaine with intent to distribute and a conspiracy to do the same, in violation of 21 U.S.C. §§ 841(a) and 846. On September 26, 1989, Navarez moved for discovery of information that could be pertinent to calculation of the sentence he would receive for these crimes under the United States Sentencing Commission's Guidelines Manual, as amended (Nov.1989), were he convicted. Issues on which Navarez sought discovery included the government's intention to assert various acts as "relevant conduct" under § 1B1.3 of the Guidelines; the amount of drugs the government intended to assert as part of Navarez's alleged scheme; Navarez's alleged responsibility for others in the scheme; whether the government would assert that Navarez obstructed justice; and which parts of Navarez's history the government would assert.

The court ordered additional briefs on this motion, and both Navarez and the government have complied with the court's request. Both sides concede—as they must—that the Guidelines have radically reformed sentencing practices in the federal system. Whether the Guidelines have or will achieve their purposes is unknown, and may never be known. See Michael Tonry, Are the U.S. Sentencing Commission's Guidelines "Working Well"?, 2 Fed.Sent. Rptr. 122 (1989). Uncertain too is the ef-

fect which the Guidelines will have on other practices in the criminal law, which is apparent from the parties' discussion of the issue presently before this court. See also Stephen Breyer, The Federal Sentencing Guidelines and the Key Compromises Upon Which They Rest, 17 Hofstra L.Rev. 1, 28–31 (1988).

Despite the changes which the Guidelines have wrought, many basic principles remain. Some relate to discovery. As Navarez concedes, the Federal Rules of Criminal Procedure and the Guidelines do not provide for pretrial discovery of information which is critical to determining sentences under the Guidelines. Navarez has to look elsewhere. He implies that the Constitution provides him with such a right. The Constitution, however, does not give a criminal defendant a right to discovery as a rule, unless such discovery is necessary to secure the defendant's substantive rights. See *Weatherford v. Bursey*, 429 U.S. 545, 559, 97 S.Ct. 837, 845, 51 L.Ed.2d 30 (1977); *U.S. v. Napue*, 834 F.2d 1311, 1316–17 (7th Cir.1987); *U.S. v. Grier*, 866 F.2d 908, 917 (7th Cir.1989).

Navarez contends that he has a substantive right to know prior to trial the sentence he will get. He argues that such knowledge is necessary for him to decide whether to plead guilty. Before enactment of the Guidelines, however, a criminal defendant did not have the constitutional right to know the exact sentence he would face, prior to trial or even when pleading guilty. When pleading guilty, the court needed to inform the defendant only of the minimum and maximum sentence he could receive. See, for example, *United States v. Theodorou*, 576 F.Supp. 1007, 1010–11 (N.D.Ill.1983). This was at a time when judges had greater discretion to impose sentences than they now have under the Guidelines. See *Mistretta v. U.S.*, 488 U.S. 361, 109 S.Ct. 647, 650–64, 102 L.Ed.2d 714 (1989) (discussing history of sentencing in federal courts).

What Navarez is arguing is that because one can predict the ultimate sentence with greater certainty under the regime of the Guidelines, a criminal defendant has a greater interest in knowing the relevant facts. Navarez confuses the system's enhanced ability to estimate sentences with a defendant's personal, constitutional interest in having such knowledge. The government has no duty under the Constitution to assist a criminal defendant in deciding whether to plead guilty. See *U.S. v. Fernandez*, 877 F.2d 1138, 1143 (2d Cir.1989); *Bradbury v. Wainwright*, 658 F.2d 1083, 1087 (5th Cir. Unit B 1981). The court for its part need only assure itself that a criminal defendant is pleading knowingly and voluntarily, aware of the consequences of his plea. See *North Carolina v. Alford*, 400 U.S. 25, 31, 91 S.Ct. 160, 164, 27 L.Ed.2d 162 (1970); *McCarthy v. United States*, 394 U.S. 459, 464, 89 S.Ct. 1166, 1169, 22 L.Ed.2d 418 (1969). The constitutionally relevant consequences of a plea with regard to sentencing are only the maximum and minimum sentences which are possible in light of the crimes charged. See Rule 11(c)(1), Fed.R.Crim.Pro.; *Fernandez*, 877 F.2d at 1142–44; *U.S. v. Turner*, 881 F.2d 684, 685–88 (9th Cir.1989).

This does not mean that Navarez has no means of reducing his risk of receiving a greater-than-expected sentence under the Guidelines were he to plead to the crimes charged in the indictment. Many of the factors pertinent to a sentencing decision under the Guidelines are contained in the presentence report for the defendant. The Guidelines suggest that the court defer its decision to accept or reject any plea agreement until it and the parties have had the opportunity to consider the report. See Guidelines at § 6B1.1(c) and Commentary. This would give Navarez the opportunity to withdraw his proposed plea prior to the court's acceptance of it, which would remedy the very problem which Navarez fears now.

For these reasons, the court denies Navarez's motion for additional discovery of matters pertinent to the federal Sentencing Guidelines.