**UNITED STATES of America, Plaintiff,**

v.

**Roger L. KNELL, Defendant.**

**No. 90 CR 20023.**

United States District Court, N.D. Illinois, W.D.

Jan. 14, 1991.

John McKenzie, Asst. U.S. Atty., Rockford, Ill., for plaintiff.

John Nelson, Rockford, Ill., for defendant.

## ORDER

ROSZKOWSKI, District Judge.

Before the court is Defendant's motion for disclosure of Sentencing Guidelines information. For the reasons which follow, the court grants in part and denies in part Defendant's motion.

### BACKGROUND

On November 13, 1990, Defendant, Roger L. Knell, was indicted in this court for counterfeiting, under 18 U.S.C. § 473 (1988). On November 16, 1990, Defendant filed a motion to compel production of Sentencing Guidelines information. In that motion Defendant asks the court to compel the United States to produce information as to the United States' position on the appropriate sentencing for Defendant. Specifically, Defendant asks for the government's view on applicable offense guidelines, the base offense level, the aggravating specific offense characteristics, the Chapter Three adjustments, the career offender and criminal livelihood provisions, and the grounds for arguing an upward or downward departure from the Sentencing guidelines. Further, Defendant asks the court to compel the United States to produce Defendant's criminal record and certain details regarding this record.

### DISCUSSION

Guiding the court in its resolution of this motion are the following: Rule 16 of the Federal Rules of Criminal Procedure; Lo-

cal Criminal Rule 2.04 a of the Rules of the United States District Court for the Northern District of Illinois; and the United States Supreme Court rulings in the key cases of *United States v. Bagley,* 473 U.S. 667, 105 S.Ct. 3375, 87 L.Ed.2d 481 (1985) and *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). None of these sources explicitly addresses the request Defendant makes in his motion. The source which the court finds relevant to Defendant's request for Sentencing Guidelines information is Federal Criminal Rule 16(a)(2). That subsection reads:

> **Information Not Subject to Disclosure.** Except as provided in paragraphs (A), (B), and (D) of subdivision (a)(1), this rule does not authorize the discovery or inspection of reports, memoranda, or other internal government documents made by the attorney for the government or other government agents in connection with the investigation or prosecution of the case, or of statements made by government witnesses or prospective government witnesses except as provided in 18 U.S.C. § 3500.

Fed.R.Crim.P. 16(a)(2).

■ The Advisory Committee notes on the 1974 amendment embodied in the above-quoted subsection state, "The only proposed change is that the 'reports, memoranda, or other internal government documents made by the attorney for the government' are included to make clear that the work product of the government attorney is protected." Fed.R.Crim.P. 16(a)(2) advisory committee's note. The court finds that the Sentencing Guidelines information which Defendant requests falls within the category of work product which, under Federal Rule 16(a)(2), the court cannot compel the government to produce. The government's assessment of the appropriate way to calculate Defendant's range of sentencing is a matter of legal conclusion and strategy. The court cannot require the government to disclose its thought processes or legal theories, whether or not they have been reduced yet to written form. Therefore, the court denies Defendant's request for discovery in paragraphs 1, 2, 3, 4, 5, 7, and 8 of Defendant's motion to compel.

Paragraph 6 of Defendant's motion to compel requests: "Defendant's prior criminal record, including all judgments of conviction, sentences imposed thereon, all release dates from all committed sentences, and expiration dates of all terms of probation and parole". Defendant's motion to compel, filed Nov. 13, 1990. Rule 16(a)(1)(B) states:

> **Defendant's Prior Record.** Upon request of the defendant, the government shall furnish to the defendant such copy of the defendant's prior criminal record, if any, as is within the possession, custody, or control of the government, the existence of which is known, or by the exercise of due diligence may become known, to the attorney for the government.

Fed.R.Crim.P. 16(a)(1)(B).

The government responds that it has already met its obligation, under Local Criminal Rule 2.04 a and Federal Criminal Rule 16, to disclose Defendant's prior record. The government states that it has provided Defendant's counsel with Defendant's state and federal "rap sheets." The government maintains that it need not produce any other documents on Defendant's criminal history because they "would be equally available to the defendant and not discoverable under *Brady* or would be information the government intends to use to impeach the defendant and, thus, not discoverable." U.S.'s answer brief to Defendant's motion to compel, filed Dec. 20, 1990, at 4. Further, the government assures the court that it will timely produce exculpatory or impeachment information falling within Defendant's request. *Id.* at 5.

Two Supreme Court cases have identified a criminal defendant's due process right to discovery of evidence favorable to the defendant that is material to the defendant's guilt or punishment. *U.S. v. Bagley,* 473 U.S. 667, 105 S.Ct. 3375, 87 L.Ed.2d 481 (1985); *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). These cases held that a defendant's due process rights will be violated if the government

has refused to produce such evidence after the defendant *requested* it. In *U.S. v. Agurs*, 427 U.S. 97, 110, 96 S.Ct. 2392, 2400, 49 L.Ed.2d 342 (1976), the Court suggested that the defendant's due process rights would be violated *regardless* of whether the defendant has *requested* the information. The prosecutor must disclose both impeachment evidence and exculpatory evidence, under the *Brady* rule. *Bagley*, 473 U.S. at 676, 105 S.Ct. at 3380. The court rejects the government's assertion, on page 4 of its answer brief, that impeachment evidence is not discoverable.

The court cannot be sure, in reading the government's answer brief, whether the government has indeed produced what Federal Rule 16 and due process require that it produce with regard to paragraph 6 of Defendant's motion to compel. Therefore, the court partially grants Defendant's motion, to ensure that the government meets its discovery obligations. The court is not, however, ordering the United States to produce a second time the information which it has already produced, if the information has not changed since the time the government provided it to Defendant.

■ The court hereby orders the United States to produce 1) all impeachment evidence and exculpatory evidence, if it is material to Defendant's guilt or punishment, which the government has, or knows of, or reasonably should know of, regarding Defendant; and 2) any copy of Defendant's prior criminal record which is in the government's possession, custody, or control, or which may by due diligence become known to the government attorney. The court orders the government to produce the information in accordance with Local Criminal Rule 2.04 a(1). Finally, the court orders the government to produce the information as soon as is practicable after it knows or reasonably should know of the information. The government's obligation to disclose the information is a continuing one. Fed.R.Crim.P. 12(c). The obligation arises when the government knows or reasonably should know of the information. *U.S. v. LaRouche Campaign*, 695 F.Supp. 1290, 1308 (D.Mass.1988).

## CONCLUSION

For the reasons set forth in this Order, the court denies Defendant's motion to compel production of the information described in paragraphs 1, 2, 3, 4, 5, 7, and 8 of Defendant's motion. Further, the court grants Defendant's motion to compel production of the information described in paragraph 6 of Defendant's motion. The court orders the United States to produce 1) all impeachment or exculpatory evidence, if such evidence is material to Defendant's guilt or punishment, and 2) Defendant's prior criminal record, as Rule 16(a)(1)(B) requires.