**UNITED STATES of America, Plaintiff,**

v.

**Daniel Paul WAGNER,
et al., Defendants.**

**No. 93–CR–39 W.**

United States District Court,
D. Utah, C.D.

April 26, 1993.

---

Stanley H. Olsen, U.S. Attys. Office, Salt Lake City, UT, Daniel Schneider, Joel E. Leising, U.S. Dept. of Justice, Washington, DC, for plaintiff.

Edwin F. Guyon, Salt Lake City, UT, for defendants.

## ORDER

BOYCE, United States Magistrate Judge.

The defendant, Mel Shepherd, has filed a "Motion To Compel Production Of Sentencing Materials." The defendant is charged, along with others, by indictment and trial is pending. A plea of not guilty has been entered by the defendant. Defendant has not yet pled guilty or been convicted on any charge. The defendant in his motion asks the prosecution to provide the "offense guideline or guidelines", the "base offense level" and how the charges should be grouped; aggravating specific offense characteristics; adjustments; whether defendant is a career offender; the defendant's prior criminal record; any grounds on which the prosecution may argue for upward departure; and any information supporting downward departure. The defendant asserts somewhat obtusely that these may bear on a possible plea or counsel's ability to represent the defendant. Other than the fact the information sought may at some time be relevant, no specific basis for the motion is given except defendant implies a Sixth Amendment right to the information. He seems to suggest counsel cannot advise defendant on a plea without the information.

Much of the information defendant seeks is premature and cannot be accurately determined at this time. In addition, defendant is asking the prosecution to do his legal research as regards the application of the sentencing guidelines. Competent counsel can and should make an independent assessment of the applicable guidelines and facts relevant thereto. Only then can counsel make a fair assessment of whether a plea should be accepted. See *Bordenkircher v. Hayes,* 434 U.S. 357, 98 S.Ct. 663, 54 L.Ed.2d 604 (1978); *Hill v. Lockhart,* 474 U.S. 52, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985). In many instances counsel for defendant is going to have better information on aspects of the applicable guidelines than the government. Some relevant sentencing information will be in the exclusive possession of the defendant before trial. Defendant is asking for the prosecution's legal analysis which is the prosecution's work product and legal theories. Disclosure of this information is not required. Further, the prosecution will not have fully focused on this matter until sentencing becomes a likely prospect. In effect, the defendant is asking the government to conduct an investigation on matters not yet ripe for consideration.

Nothing in Rule 16, F.R.Cr.P. obligates the prosecution to provide such information, except that Rule 16(a)(1)(C), F.R.Cr.P. does provide for the disclosure of the defendant's criminal record. However, D. Ut. Rule 308(a) requires counsel to pursue informal discovery before seeking the court's resolution of a discovery motion. Although defendant cites several cases for his position, none

involve holdings controlling on this issue. They simply are general precedents supporting the accused's right to competent counsel and the need for a knowing and voluntary plea.

The presentence investigation is the primary source of information on sentencing. Disclosure of sentencing information is provided for in Rule 32(c)(3), F.R.Cr.P. and is to occur at least 10 days before sentencing. D.Ut. Rule 310 governs sentencing information in this District and does not provide for discovery or disclosure of the information defendant seeks until after some adjudication of guilt.

■ Further, there is no general constitutional right to discovery. *Weatherford v. Bursey,* 429 U.S. 545, 559, 97 S.Ct. 837, 845, 51 L.Ed.2d 30 (1977). Nothing in the defendant's motion comes within the standards of *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963) or *United States v. Bagley,* 473 U.S. 667, 105 S.Ct. 3375, 87 L.Ed.2d 481 (1985).[1] Nothing in defendant's request establishes any special need of defendant for the information requested or that defendant's constitutional rights will in fact be prejudiced by non-disclosure. At best, defendant is seeking the legal position of the government on sentencing matters which, in the present context, are uncertain and possibly hypothetical.

■ Generally the defendant is not entitled to prior notice of what the government intends to argue at sentencing. *United States v. Barrett,* 890 F.2d 855, 865 (6th Cir.1989).[2] The presentence report on conviction will provide defendant with all the information for proper focus on the sentencing guidelines before any sentence is imposed. What the defendant asserts in this motion is that counsel's ability to effectively advise the defendant may be impaired and that a determination of a possible plea requires the information requested.

In *United States v. Strickland,* 725 F.Supp. 878 (D.E.D.N.C.1989) the defendant made a similar request for the government's position on the applicable sentencing guideline, any aggravating offense characteristics, any aggravating adjustments, and whether the government would argue for departure. It was contended the information was necessary to ensure the voluntariness of any plea. The court found the request outside of the requirements for a proper plea under Rule 11, F.R.Cr.P. It was determined that if defendant knew the maximum and any minimum sentence, the plea process would be adequately served. The guidelines may not be determined with precise accuracy until the sentencing procedure was undertaken. The court in *Strickland* ruled the defendant was not entitled to the information requested.

In *United States v. Navarez,* 731 F.Supp. 262 (D.N.D.Ill.1989) defendant sought discovery of matters pertinent to sentencing under the USSG. Relying on *Weatherford v. Bursey,* supra., it was concluded there was no Constitutional right to such information from the prosecution. The court observed:

"Navarez contends that he has a substantive right to know prior to trial the sentence he will get. He argues that such knowledge is necessary for him to decide whether to plead guilty. Before enactment of the Guidelines, however a criminal defendant did not have the constitutional right to know the exact sentence he would face, prior to trial or even when pleading guilty. When pleading guilty, the court needed to inform the defendant only of the minimum and maximum sentence he could receive. See, for example, *United States v. Theodorou,* 576 F.Supp. 1007, 1010–11 (N.D.Ill.1983). This was at a time when judges had greater discretion to impose sentences than they now have under the Guidelines. See *Mistretta v. U.S.,* 488 U.S. 361, 109 S.Ct. 647, 650–64, 102 L.Ed.2d 714 (1989) (discussing history of sentencing in federal courts).

---

[1]. Defendant of course would have right for the prosecution to disclose mitigating information. But this does not include a right to have prosecution compare the information to any USSG and state it may have application to any provision.

[2]. An exception requires notice be given the defendant of a prosecution claim for the imposition of the death penalty. *Lankford v. Idaho,* —— U.S. ——, 111 S.Ct. 1723, 114 L.Ed.2d 173 (1991).

What Navarez is arguing is that because one can predict the ultimate sentence with greater certainty under the regime of the Guidelines, a criminal defendant has a greater interest in knowing the relevant facts. Navarez confuses the system's enhanced ability to estimate sentences with a defendant's personal, constitutional interest in having such knowledge. The government has no duty under the Constitution to assist a criminal defendant in deciding whether to plead guilty. See *U.S. v. Fernandez*, 877 F.2d 1138, 1143 (2d Cir. 1989); *Bradbury v. Wainwright*, 658 F.2d 1083, 1087 (5th Cir. Unit B 1981). The court for its part need only assure itself that a criminal defendant is pleading knowingly and voluntarily, aware of the consequences of his plea. See *North Carolina v. Alford*, 400 U.S. 25, 31, 91 S.Ct. 160, 164, 27 L.Ed.2d 162 (1970); *McCarthy v. United States*, 394 U.S. 459, 464, 89 S.Ct. 1166, 1169, 22 L.Ed.2d 418 (1969). The constitutionally relevant consequences of a plea with regard to sentencing are only the maximum and minimum sentences which are possible in light of the crimes charged." 731 F.Supp. pp. 262–63.

Other courts have reached similar conclusions. *United States v. Howell*, 1993 WL 8717 (D.N.D.Ill.1993); *United States v. Conner*, 1991 WL 268704 (D.Kan.1991). In *United States v. Knell*, 771 F.Supp. 230 (D.N.D.Ill.1991) the court rejected defendant's request for sentencing guidelines information from the prosecution as protected by the work product limitation of Rule 16(a)(2), F.R.Cr.P. The matter requested is for legal conclusions and strategy. Id. p. 231.

Based on the applicable considerations, the defendant's motion should be denied. However, the defendant's counsel may proceed to discuss the matter informally with government counsel under D.Ut. Rule 308(a). Therefore,

**IT IS HEREBY ORDERED** that the defendant's motion to compel production of sentencing guidelines information is denied.