**UNITED STATES of America, Appellee,**

v.

**Melvin SWEENEY,**
**Defendant–Appellant.**

**No. 1238, Docket 89–1072.**

United States Court of Appeals,
Second Circuit.

Argued June 7, 1989.

Decided June 22, 1989.

Barry E. Griffith, Rutland, Vt., for defendant-appellant.

Sandra A. Strempel, Asst. U.S. Atty. D. Vt. (George J. Terwilliger, III, U.S. Atty. D. Vt., David V. Kirby, Asst. U.S. Atty., Chief, Crim. Div., of counsel), for appellee.

Before FEINBERG and KEARSE, Circuit Judges, BARTELS, District Judge.*

## PER CURIAM:

Melvin Sweeney pled guilty in April 1988 in the United States District Court for the District of Vermont to one count of conspiracy to possess and distribute marijuana in violation of 21 U.S.C. § 841(a)(1), and one count of making a false statement in violation of 18 U.S.C. § 1623(a). Because the crimes were committed in early 1988, Sweeney was sentenced under the Sentencing Guidelines. After defendant's guilty pleas, the United States Probation Office conduct-ed an investigation of defendant and prepared a presentence report. Defendant disputed some of the factors relied on by the Probation Office in computing his guideline range, and in August 1988 requested, and received, an evidentiary hearing. Thereafter, Chief Judge Franklin S. Billings, Jr. made findings concerning the proper guideline range based on defendant's conduct in relation to these offenses, including whether he accepted responsibility for the offenses and how much marijuana he intended to distribute, as well as defendant's prior criminal conduct. The court concluded that appellant's total offense level under the Guidelines was 18 and his criminal history category was V; the applicable guideline sentence range was therefore 51 to 63 months. United States Sentencing Commission, *Sentencing Guidelines and Policy Statements* (1987) p. 5.2. Appellant thereafter moved to withdraw his pleas. In a thorough opinion, Judge Billings denied the motion and sentenced Sweeney to 57 months imprisonment and three years supervised release. This appeal followed.

■ Appellant claims that he should be allowed to withdraw his pleas because he was denied effective assistance of counsel by his attorney's erroneous estimate that his guideline sentence range would be 21–27 months. Appellant argues that since he relied on that mistake, his pleas were not voluntarily made with full knowledge of the consequences, and that his ineffective assistance claim establishes a "fair and just reason" to withdraw his pleas under Fed.R. Crim.P. 32(d). The record reveals, however, that when appellant pled guilty, he was aware that he faced a maximum prison term of ten years on the conspiracy count and a maximum term of five years on the false statement count. He also understood that the sentence to be imposed was "within the sole discretion of the sentencing judge," and he was told by the judge that even "if the sentence is more severe than you expected, you will still be bound by

---

* Honorable John R. Bartels, Senior United States District Judge for the Eastern District of New York, sitting by designation.

your plea and you will have no right to withdraw it." Moreover, defendant's attorney stated in open court that he had advised the defendant of his "best guess" as to the sentencing range.

The district court found that appellant knowingly entered the pleas and acknowledged that no promises had been made regarding his ultimate sentence. Citing *United States ex rel. Hill v. Ternullo*, 510 F.2d 844, 847 (2d Cir.1975), appellant attempts to characterize his attorney's estimate under the Sentencing Guidelines as "erroneous legal advice about the ultimately knowable." However, predicting a guidelines sentence is not the same as determining the minimum or maximum sentence allowable under a statute, which occasioned the observation in *Hill*. The attorney's representations here regarding the sentencing range were at best merely an estimate reflecting what he believed the likely range would be. The law in this circuit prior to the Sentencing Guidelines was clear that a defendant was not entitled to withdraw a guilty plea simply because his attorney erroneously predicted his sentence. See, e.g., *United States ex rel. LaFay v. Fritz*, 455 F.2d 297 (2d Cir.), cert. denied, 407 U.S. 923, 92 S.Ct. 2471, 32 L.Ed.2d 809 (1972); *United States ex rel. Scott v. Mancusi*, 429 F.2d 104, 108 (2d Cir.1970), cert. denied, 402 U.S. 909, 91 S.Ct. 1385, 28 L.Ed.2d 651 (1971). Now that we have the Guidelines, we do not believe that appellant may avoid the effect of our precedents by characterizing a mistaken prediction as ineffective assistance of counsel.

■ Appellant also argues that because this is a case arising under Rule 32(d), the standard for withdrawal of his pleas should be lower than for an attempt to set aside a guilty plea after sentence, as in *LaFay* and *Scott*, cited above. It is true that those cases arose in the context of collateral attacks on state-court convictions, and that Rule 32(d) only requires that a defendant show a "fair and just reason" for withdrawing a plea prior to sentence. Nevertheless, we are persuaded that Judge Billings's determination that defendant had not satisfied his burden should not be set aside. A district judge has broad discretion under Rule 32(d) in deciding whether to allow withdrawal of a plea, see *United States v. Lombardozzi*, 436 F.2d 878, 881 (2d Cir.), cert. denied, 402 U.S. 908, 91 S.Ct. 1379, 28 L.Ed.2d 648 (1971). Prior to the Guidelines, we said that a defendant's "change of mind ... after he ha[s] seen the Pre–Sentence Report is simply not sufficient reason to require the district judge to grant the motion" to withdraw the plea. *United States v. Michaelson*, 552 F.2d 472, 476 (2d Cir.1977). Moreover, in *United States v. Gonzalez*, 820 F.2d 575, 580 (2d Cir.1987) (per curiam), although we vacated the judgment of conviction for other reasons, we also found no abuse of discretion in a district court's denial of a presentence motion to withdraw a plea based on defendant's assertion, among other things, that his attorney told him he would only get a sentence of probation.

■ Thus, before the Guidelines, it seems clear that we would not have reversed a district judge for refusing to allow withdrawal of a plea under Rule 32(d) on the ground that counsel's estimate was erroneous. We do not see why the presence of the Guidelines should change the law in this respect. If anything, they seem to us to reinforce our earlier decisions on the issue. Under the Guidelines there will be many more detailed hearings regarding imposition of sentence, as in this case. A sentencing judge will now frequently indicate, as a result of such hearing, what the sentence may be. In those circumstances, allowing defendants to use the presentence prong of Rule 32(d) to withdraw their pleas would pervert the rule and threaten the integrity of the sentencing process. Defendants may not plead guilty in order to test whether they will get an acceptably lenient sentence. Society has a strong interest in the finality of guilty pleas, and allowing withdrawal of pleas "undermines confidence in the integrity of our [judicial] procedures ..., increas[es] the volume of judicial work, [and] delays and impairs the orderly administration of justice." *United States v. Timmreck*, 441 U.S. 780, 784, 99 S.Ct. 2085, 2087, 60 L.Ed.2d 634 (1979),

quoting *United States v. Smith,* 440 F.2d 521, 528 (7th Cir.1971) (Stevens, J., dissenting). The introduction of the Sentencing Guidelines has not altered society's interest in finality, and we do not think that the standard for withdrawing guilty pleas for mistaken estimates should change because those estimates are now made under the Guidelines. Appellant cites *United States v. Loman,* 1 Fed.Sent.R. 290, 1988 WL 112538 (W.D.Mo.1988) to us. That decision, of course, does not bind us. Moreover, defense counsel's error there was shared by the prosecutor and apparently by the Probation Office, as well. We need not consider whether we would reach the same conclusion on similar facts.

Choosing a sentence under the Guidelines is not a purely mechanical task. The Guidelines are still new, and until the defense bar becomes accustomed to applying them, mistakes will be made, particularly in cases like this, where the defendant has an extensive criminal history. Those mistaken estimates, as before, will not ordinarily justify withdrawal of a guilty plea.

Affirmed.