7 F.3d 235
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America Plaintiff-Appellee,
v.
Gerald James FRASER and Deane Lucien Malone Defendants-Appellants.
 Nos. 92-6238, 92-6241.
 United States Court of Appeals, Sixth Circuit.
 Sept. 15, 1993.
 
 On Appeal from the United States District Court for the Western District of Tennessee, No. 92-10034; Todd, J.
 W.D.Tenn.
 AFFIRMED.
 Before: MERRITT, Chief Judge and BROWN and Wellford, Senior Circuit Judges.
 PER CURIAM.
 
 
 1
 Gerald Fraser ("Fraser") and Deane Malone ("Malone") pled guilty to being felons in possession of a firearm, being aliens unlawfully in the United States, and being aliens unlawfully in the United States while in possession of a firearm. They now contend that the district court erred when it refused to permit them to attack collaterally a 1989 order of deportation that is a basis of two of the charges. They also contend that the district court abused its discretion when it refused to permit them to withdraw their guilty pleas because, they contend, they received ineffective assistance of counsel during the plea negotiation process. They further contend that the district court made numerous errors in calculating their sentences.
 
 Facts
 
 2
 On January 22, 1992, a woman in Henderson County, Tennessee called the sheriff's office to report a disturbance in the road. Two deputies responded to the call and found Fraser and Malone committing an armed robbery against two individuals. Fraser and Malone fired at the deputies four times before fleeing in their car. The deputies stopped to make sure that the victims were not hurt, and then drove down the road, searching for Fraser and Malone. As the deputies approached a dirt road, the defendants fired at them three or four times, and then fled toward Chester County. The deputies pursued them, and came upon a vehicle sitting in the middle of the road. One of its three occupants had been shot twice, once in the shoulder and once in the head. The deputies remained at the scene to help the victims. The injured person died three months later of a heart attack unrelated to the gun shot wounds.
 
 
 3
 Fraser and Malone continued to Chester County, taking shots at another vehicle as they went. They happened upon a deputy sheriff there, who recognized the vehicle as it passed him driving in the other direction. The deputy turned around and began to pursue them, but by the time he had turned around, Fraser and Malone were coming back in his direction, pursued by a nearby town police car. The deputy tried to block the road, but the defendants drove around him and fired five shots at his car as they went. The defendants continued down the road, and wrecked a short distance away. A number of law enforcement officers quickly arrived at the scene. Fraser fired one shot at the officers, and one of the officers returned fire. The defendants then surrendered. The officers searched the defendants' vehicle and found .45 and 9mm caliber handguns, a false sheriff's identification, mace, handcuffs, a stun gun, and 6.9 grams of cocaine. Their vehicle was stolen, and both had prior felony convictions on their records. The Immigration and Naturalization Service advised the local authorities that Fraser and Malone were Canadian citizens who were deported in 1989 because of felony convictions in Utah and Wyoming.
 
 
 4
 On April 22, 1992, both defendants pled guilty in Henderson County Circuit Court to criminal impersonation, aggravated robbery, and four counts of Attempt to Commit First Degree Murder. On the same day, the defendants pled guilty in Chester County to seven counts of Attempt to Commit First Degree Murder and to one count of possession of cocaine.
 
 
 5
 On April 28, 1992, the defendants were indicted by a federal grand jury. Each was charged with one count of possession of a firearm by a felon in violation of 18 U.S.C. § 922(g)(1), possession of a firearm by an alien who is unlawfully in the United States in violation of 18 U.S.C. § 922(g)(5), and being present in the United States after deportation without having received permission to reenter the United States in violation of 8 U.S.C. § 1326(b)(1) and (2). On July 13, 1992, with separate appointed counsel, the defendants changed their pleas to guilty to all of these charges pursuant to a plea agreement. In the plea agreement, the government agreed not to move for an upward departure from the Guidelines and agreed to make no recommendation on whether the federal sentences should run consecutively or concurrently with the state sentences.[1]
 
 
 6
 After receiving a copy of the Pre-Sentence Report with its sentencing calculation, both defendants filed objections to the report and motions to withdraw their guilty pleas, alleging ineffective assistance of counsel in advising them as to their prospective sentences as the ground for withdrawal. The district court held a brief hearing on the ineffective assistance issue at the sentencing hearing. Counsel for appellants stated to the court that, when appellants entered their guilty pleas, they had advised appellants that the sentences they were facing were much less than that prescribed by the Guidelines before the enhancement caused by the escape attempt.[2] The district court denied their motions to withdraw their guilty pleas and, taking into account the additions required by the escape attempt, sentenced the defendants to 365 months of imprisonment.
 
 
 7
 Each of the defendants was assigned a new lawyer, and they filed notices of appeal to this court. The defendants then filed a motion in this court for remand to the district court for resentencing on the two § 922(g) (firearms) convictions, contending that consecutive time could not be awarded pursuant to each violation. The defendants also requested this court to require, upon the remand, an evidentiary hearing before the district court on their motions to withdraw their guilty pleas, asserting again that the guilty pleas were involuntary due to ineffective assistance of counsel. An additional ineffective assistance contention that the defendants raised in this court in support of their ineffective assistance claim (that is, in addition to the contention that prior counsel was ineffective in that they erroneously calculated their sentences under the Guidelines) was that their lawyers erroneously failed to attack collaterally their 1989 deportation orders. The government joined the defendants' motion for resentencing because it agreed that the district court should not have imposed consecutive sentences for the two violations of 18 U.S.C. § 922(g),[3] but opposed remand for an evidentiary hearing on the additional insufficiency of counsel claim. This court, in an unpublished order, remanded for resentencing for violation of 18 U.S.C. § 922(g)(1) and (5). This court, however, denied the defendants' request for a remand for an evidentiary hearing on their motions to withdraw their guilty pleas, asserting that such pleas were not voluntary and knowing due to counsel's inadequacy in failing to attack the legality of their deportation. In the order, this court held that the claim should be raised in collateral proceedings under § 2255. This court retained jurisdiction and, as stated, remanded only for resentencing for convictions under 18 U.S.C. § 922(g)(1) and (5). The district court then resentenced the defendants, imposing concurrent sentences.
 
 Issues
 
 8
 1. Whether the district court's alleged refusal to permit the defendants to raise a collateral attack to their 1989 deportation orders violated the defendants' due process rights.
 
 
 9
 2. Whether the district court erred by accepting the guilty pleas of the defendants.
 
 
 10
 3. Whether the district court abused its discretion by refusing to allow the defendants to withdraw their guilty pleas.
 
 
 11
 4. Whether the district court improperly calculated the defendants' sentences.
 
 Analysis
 
 12
 1. Whether the district court's alleged refusal to permit the defendants to raise a collateral attack on their 1989 deportation orders violated the defendants' due process rights.
 
 
 13
 The defendants first contend that the district court erred when it refused to permit them to raise a collateral attack on their 1989 deportation orders during the sentencing hearing. They assert that when their then counsel failed to raise a challenge to the 1989 deportation proceedings at the sentencing hearing, Fraser attempted to address the court on the incompetence of his lawyer but was cut off by the district court. Citing United States v. Mendoza-Lopez, 481 U.S. 828 (1987), they contend that using the 1989 deportation order as an element of the § 922(g)(5) (firearms) and the 8 U.S.C. § 1326(b)(1) and (2) (immigration) offenses violated their due process rights because they never received judicial review of their 1989 deportation. The defendants contend that the court's failure to permit the defendants to make a collateral attack violates their due process rights.
 
 
 14
 It is true that defense counsel did not attempt to raise a collateral attack on the 1989 deportation orders. It is also true that Fraser himself attempted to address the court, but the record does not reflect why Fraser wished to do so. In denying Fraser's request to address the court, the court stated that permitting a defendant to express his displeasure with the Pre-Sentence Report would add nothing to the proceedings. Fraser made no further objection.
 
 
 15
 To the extent that the defendants are claiming that they were denied due process because they did not get a hearing on the validity of their deportation orders, their claim is meritless because there was no request for such a hearing before the district court; therefore, their only recourse is to assert an ineffective assistance of counsel claim. But, they cannot now effectively raise, on this appeal, a claim of ineffective assistance of counsel with respect to their lawyers' failure to contest the deportation orders because, as stated above, this court has already held, in the unpublished order, that defendants were not entitled, on remand, to an evidentiary hearing on the issue, and that their proper remedy is a proceeding under § 2255. Therefore, on remand, the district court only amended their sentences. The record in this case is therefore inadequate to determine whether such failure of the defendants' lawyers to challenge the 1989 deportation orders constitutes ineffective assistance. Accordingly, this assignment of error is denied. (Defendants still have an opportunity to raise this issue in § 2255 proceedings.)
 
 
 16
 2. Whether the district court erred by accepting the guilty pleas of the defendants.
 
 
 17
 The defendants next contend that the district court erred in accepting their guilty pleas because their pleas were not voluntary and informed due to the ineffective assistance of their trial counsel. This issue has no merit. When the district court accepted the defendants' guilty pleas, it carefully followed the Rule 11 procedure for accepting guilty pleas. Further, it asked both defendants specifically if they were satisfied with the services of their lawyers, and both answered, under oath, that they were indeed satisfied. Thus, the district court could not have been aware, at the time it accepted the guilty pleas, that the defendants might have received ineffective assistance of counsel. Only when the defendants moved, after the guilty pleas and at the sentencing hearing, to withdraw their pleas did the district court learn that defendants contended their counsel was ineffective in that they miscalculated their Guidelines sentences. Thus, the district court did not err by accepting their pleas. The real issue is whether the district court abused its discretion in refusing to permit the defendants to withdraw their guilty pleas after it learned that the defendants' first lawyers provided arguably ineffective assistance.
 
 
 18
 3. Whether the district court abused its discretion by refusing to allow the defendants to withdraw their guilty pleas.
 
 
 19
 The defendants next contend that the district court abused its discretion when it refused to allow the defendants to withdraw their guilty pleas. They contend that their lawyers, when they changed their pleas to guilty, were ineffective, and that this rendered their guilty pleas involuntary; therefore, they contend, the district court abused its discretion when it refused to permit them to withdraw their involuntary guilty pleas.
 
 
 20
 They contend that their lawyers were ineffective for four reasons: first, they contend that their lawyers had informed them that their sentences would be only five to ten years, while they ultimately received much more severe sentences. Second, they argue that their lawyers permitted them to stipulate, at the change of plea hearing, to facts that allowed their sentences to be enhanced under the Guidelines. Third, they assert that their lawyers erred by not contending that the defendants should not be sentenced consecutively under § 922(g)(1) and (5), and fourth, that their lawyers erred because their lawyers did not attempt to make a collateral attack on the 1989 deportation orders.
 
 
 21
 At the outset we must decide which ineffective counsel claims are ripe for present decision. In United States v. Wunder, 919 F.2d 34, 37 (6th Cir.1990) (citations omitted), this court stated:
 
 
 22
 As a general rule, a defendant may not raise ineffective assistance of counsel claims for the first time on direct appeal, since there has not been an opportunity to develop and include in the record evidence bearing on the merits of the allegations. The customary procedure followed in this situation by the various circuits is to permit the defendant to raise his ineffectiveness of counsel claim in a proper post-conviction proceeding under 28 U.S.C. § 2255. When, however, the record is adequate to assess the merits of the defendant's allegations, some courts will consider them.
 
 
 23
 In the instant case, this court held, in the previously mentioned unpublished order, that the record is insufficient for this court to review, in the present appeal, any ineffective assistance of counsel claims stemming from the defendants' lawyers' failure to attack collaterally the 1989 deportation orders. Since we are bound by this order, as the law of the case, we cannot hear these ineffective assistance claims. Further, review of another ineffective assistance claim is unnecessary: since the defendants will not, as a result of resentencing, serve separate sentences for the two violations of 18 U.S.C. § 922(g), this claimed error has been corrected. It appears, however, that the other insufficiency of counsel claims can be decided on direct appeal because the record is adequate to reach them and the error, if any, would not be harmless.
 
 
 24
 Federal Rule of Criminal Procedure 32(d) provides, in relevant part:
 
 
 25
 If a motion for withdrawal of a plea of guilty or nolo contendere is made before sentence is imposed, ..., the court may permit withdrawal of the plea upon a showing by the defendant of any fair and just reason.
 
 
 26
 Fed.R.Crim.P. 32(d). "[T]he withdrawal of a guilty plea prior to sentencing is not an absolute right but is a matter within the broad discretion of the district court"; therefore, this court will set aside the decision of the district court denying a motion to withdraw a guilty plea only if the district court has abused its discretion. United States v. Spencer, 836 F.2d 236, 238 (6th Cir.1987). The defendant carries the burden of proving such abuse. Id. at 240; Doherty v. American Motors Corp., 728 F.2d 334, 338 (6th Cir.1984).
 
 
 27
 In Strickland v. Washington, 466 U.S. 668 (1984), the Court held that to establish ineffective assistance of counsel, the defendant must show: 1) that the lawyer's "representation fell below an objective standard of reasonableness"; and, 2) that there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 687-88, 694. Two terms later, in Hill v. Lockhart, 474 U.S. 52 (1986), the Court set the standard for reviewing effective assistance of counsel at guilty pleas. The Court held that the first prong of the Strickland standard applies as stated by the Strickland Court. To satisfy the second prong, the prejudice prong, "the defendant must show that there is a reasonable probability that, but for counsel's errors, he would have not pleaded guilty and would have insisted on going to trial." Hill, 474 U.S. at 59.
 
 
 28
 The defendants' first argument is based on the admitted fact that defense counsel misinformed them of the length of their sentences. Defense counsel stated on the record at the sentencing hearing, in moving to withdraw the guilty pleas, that they had told the defendants, prior to their guilty pleas, that the defendants would receive five to ten years and probably closer to five years, yet the actual sentences were 365 months, reduced on remand to 295 months.
 
 
 29
 This discrepancy between counsel's advice before guilty pleas and the actual sentences was not created entirely by the defendants' first lawyers' errors. As stated, the defendants attempted to escape from a detention center the day after they pleaded guilty. Because of their escape attempt, the defendants, as heretofore noted, lost a two-point reduction for acceptance of responsibility, and their base offense level was increased by two points for obstruction of justice.
 
 
 30
 Clearly, the defendants' lawyers gave the defendants some incorrect information on their sentences under the Guidelines. It appears, however, that the lawyers' miscalculations under the Guidelines did not render the defendants' pleas involuntary, particularly in view of the fact that, at their guilty plea hearing, defendants were told by the court their maximum possible sentences and that estimates by their lawyers might be wrong. United States v. Stevens, 906 F.2d 251, 253 (6th Cir.1990); United States v. Lambey, 974 F.2d 1389 (4th Cir.1992) (en banc); United States v. Garcia, 909 F.2d 1346 (9th Cir.1990); United States v. Sweeney, 878 F.2d 68 (2d Cir.1989). See also United States v. Awad, 980 F.2d 751 (6th Cir.1992) (Table only, Text in WESTLAW) (unpublished).
 
 
 31
 The defendants next contend that their trial counsel was ineffective because counsel permitted the defendants to stipulate, during the change of plea hearing, that they committed attempted murder. Stipulating to attempted murder, they contend, led to a stiffer sentence under the Guidelines than simply admitting the elements of the firearms offense. The record reflects, however, that the district court did not accept the defendants' stipulations. Rather, the government proved at the sentencing hearing, through the testimony of the probation officers, that the defendants attempted to commit first degree murder while committing the firearms offense. The district court enhanced the defendants' sentences on the basis of this evidence, not the defendants' stipulations. Thus, since the defendants were not damaged by these stipulations, this assignment of error is without merit.
 
 
 32
 4. Whether the district court improperly calculated the defendants' sentences.
 
 
 33
 The defendants next contend that the district court made several errors when it calculated the defendants' sentences under the Guidelines. They first contend that the district court improperly applied U.S.S.G. § 2K2.1. Section 2K2.1(c) provides:
 
 
 34
 If the defendant used or possessed any firearm or ammunition in connection with the commission or attempted commission of another offense, or possessed or transferred a firearm or ammunition with knowledge or intent that it would be used or possessed in connection with another offense, apply--
 
 
 35
 (A) § 2X1.1 (Attempt, Solicitation, or Conspiracy) in respect to that other offense, if the resulting offense level is greater than that determined above; ...
 
 
 36
 U.S.S.G. § 2X1.1(c) provides that when an attempt is covered by another Guidelines section, the base offense level provided in that other section applies. In the case at bar, attempted murder is covered by § 2A2.1(a)(1), which states that the base offense level for attempted murder is 28.
 
 
 37
 The defendants contend that the district court erred in applying §§ 2X1.1(c) and 2A2.1(a)(1) because, they contend, federal courts can only sentence defendants for conduct that violates federal law, not for conduct that violates state law. Since attempted murder is punished under state law, and not federal law, they argue that sentencing a defendant in federal court for this conduct violates federalism.
 
 
 38
 This, however, is not the law of this court. In United States v. Smith, 910 F.2d 326, 330 (6th Cir.1990), this court held that U.S.S.G. § 2K2.2(c)(1) (the Guidelines section that applies to the firearms offenses in this case) applies to state as well as federal offenses. Thus, the Smith panel held, when a defendant uses a firearm to commit another offense, § 2K2.2(c)(1) requires a district court to apply the guideline for the other offense even if the other offense is a violation of state law rather than federal law (if the offense level for the other offense is higher). The defendants' first contention, therefore, is without merit.
 
 
 39
 The defendants next contend that they should not have received a two-level increase for obstruction of justice for allegedly attempting to escape from the federal detention center where they were being housed pending sentencing. They also argue that they should have received a two-level reduction for acceptance of responsibility despite their alleged attempted escape.
 
 
 40
 At the sentencing hearing, the government introduced evidence that the defendants attempted to escape from their detention center the day after they pled guilty. The defendants appear to concede, as they must, that an attempt to escape is an obstruction of justice. U.S.S.G. § 3C1.1 Application Note 3(e). They contend, however, that the government did not establish by a preponderance of the evidence that the defendants attempted to escape.
 
 
 41
 We review findings of fact by the district court on sentencing issues under a clearly erroneous standard. United States v. Hodges, 935 F.2d 766, 770 (6th Cir.), cert. denied, 112 S.Ct. 251 (1991). Two guards testified at the sentencing hearing that the defendants tried to escape; thus, there is sufficient evidence in the record that the defendants tried to escape, and, therefore, we should conclude that the district court correctly enhanced the defendants' sentence for obstruction of justice. The defendants contend that, nevertheless, they should still get the two-point reduction for acceptance of responsibility for pleading guilty and truthfully admitting their participation in the offenses. Application Note 4 to U.S.S.G. § 3E1.1 provides:
 
 
 42
 Conduct resulting in an enhancement under § 3C1.1 (Obstructing or Impeding the Administration of Justice) ordinarily indicates that the defendant has not accepted responsibility for his criminal conduct. There may, however, be extraordinary cases in which an adjustment under both §§ 3C1.1 and 3E1.1 may apply.
 
 
 43
 Given that the defendants tried to escape, it is difficult to accept the contention that they have accepted responsibility for their actions,[4] and since the defendants present no extraordinary circumstances, this argument has no merit.
 
 
 44
 The defendants next contend that the district court erred in giving them a four-point enhancement under Guidelines § 2A2.1(b)(1)(A) for inflicting permanent or life-threatening bodily injury on one of their victims. The district court applied this enhancement because one of the victims was shot in his shoulder and his shoulder appeared to be permanently impaired. As stated above, however, the victim died of an unrelated heart attack three months after being shot. At the sentencing hearing, the probation officer testified that the victim's treating physician told him that there was a high probability that the victim's arm would be permanently impaired.
 
 
 45
 The defendants contend that if the victim had not died, the victim might well have undergone surgery to repair any lingering problems with his shoulder; thus, they contend, since surgery was a possibility and might have cured the victim's shoulder problems, there is not sufficient evidence to support a finding that the victim's injury was permanent. Therefore, instead of enhancing their sentences by four levels for permanent bodily injury, the defendants contend, the district court should instead have given them a two-point enhancement for inflicting serious bodily injury.
 
 
 46
 The defendants' argument borders on the absurd, and there is clearly sufficient proof in the record that the victim's injury was permanent for this court to conclude that the district court's finding that the victim had received a permanent injury was not clearly erroneous.
 
 
 47
 The defendants next contend that the district court erred in enhancing their sentences three levels for firing upon police officers during their shooting spree. They contend that there is no evidence in the record that the defendants knew that some of their victims were police officers.
 
 
 48
 U.S.S.G. § 3A1.2(b) provides that a defendant should receive a three-point enhancement if:
 
 
 49
 [D]uring the course of the offense or immediate flight therefrom, the defendant or a person for whose conduct the defendant is otherwise accountable, knowing or having reasonable cause to believe that a person was a law enforcement or corrections officer, assaulted such officer in a manner creating a substantial risk of serious bodily injury.
 
 
 50
 There is evidence in the record that the defendants knew they were firing upon law enforcement officers. The Pre-Sentence Report shows that the defendants fired at two of the law enforcement officers' cars and that both cars were hit. J.A. at 48. Thus, this court must conclude that there is sufficient evidence to support a finding that the defendants had reasonable cause to believe that they were firing at law enforcement officers.
 
 
 51
 The judgment of the district court is AFFIRMED.
 
 
 
 [1]
 The day after the defendants changed their pleas to guilty, they attempted to escape from the West Tennessee Detention Facility in Mason, Tennessee, a federal facility, but were unsuccessful. Ultimately, the defendants at sentencing were given a two-level enhancement for obstruction of justice and lost their two-point reduction for acceptance of responsibility
 
 
 [2]
 Before the escape the defendants' Guidelines offense level was 33; after the escape it was 37
 
 
 [3]
 The government had recently taken the position in Munoz-Romo v. United States, 113 S.Ct. 30 (1992), upon remand, 989 F.2d 757 (5th Cir.1993), that a defendant could not be given consecutive sentences for violating two separate subsections of § 922(g) in a single occurrence
 
 
 [4]
 Furthermore, Application Note 5 to Guideline § 3E1.1 states:
 The sentencing judge is in a unique position to evaluate a defendant's acceptance or responsibility. For this reason, the determination of the sentencing judge is entitled to great deference on review.