101 F.3d 1394
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
Gustavo V. ROA, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 95-2468.
 United States Court of Appeals, Second Circuit.
 Aug. 30, 1996.
 
 Appearing for Appellant:John A. Cirando, Syracuse, N.Y.
 Appearing for Appellee:Paul D. Silver, Ass't U.S. Att'y, NDNY, Albany, N.Y.
 N.D.N.Y.
 AFFIRMED.
 Before MESKILL, KEARSE and MAHONEY, Circuit Judges.
 
 
 1
 This cause came on to be heard on the transcript of record from the United States District Court for the Northern District of New York, and was argued by counsel.
 
 
 2
 ON CONSIDERATION WHEREOF, it is now hereby ordered, adjudged, and decreed that the order of said District Court be and it hereby is affirmed.
 
 
 3
 Petitioner Gustavo V. Roa appeals from an order of the United States District Court for the Northern District of New York, Thomas J. McAvoy, Chief Judge, denying his petition pursuant to 28 U.S.C. § 2255 to correct his sentence on the ground that he was denied effective assistance of counsel principally because his attorney (1) made him a false promise as to his sentence, on which Roa relied in deciding to plead guilty, (2) failed to advise Roa on the defense of entrapment and to present the testimony of a "Mr. Miller," and (3) failed to review the presentence report ("PSR") with Roa prior to sentencing. We find no merit in his contentions.
 
 
 4
 The transcripts of Roa's plea and sentencing contradict his present claims as to counsel's alleged promise or the alleged failure to review the PSR. Though at the plea hearing Roa initially gave an affirmative answer to the question "Other than that [the government's agreement to dismiss the other count of the indictment], have any promises been made to you to get you to plead guilty?", the court followed up with the simple question "Were any other promises made to you?", and Roa answered "No." The record as a whole belies the suggestion that there was any such promise, substantially for the reasons stated in Chief Judge McAvoy's Memorandum Decision and Order dated May 27, 1995. In any event, even an inaccurate prediction by defense counsel, who in this case informed the sentencing court merely that a period of 27 months had been "discussed," does not constitute ineffective assistance of counsel entitling the defendant to withdraw a plea of guilty. See, e.g., United States v. Sweeney, 878 F.2d 68 (2d Cir.1989). In light of the record, no evidentiary hearing was required.
 
 
 5
 Nor do we find merit in Roa's other claims of ineffective assistance of counsel, for there is no substantial basis for viewing counsel's alleged failures as other than strategic decisions, which are an insufficient basis for a claim of ineffective assistance of counsel, see Strickland v. Washington, 466 U.S. 668, 688-89 (1984). Counsel is not required to discuss with his client every conceivable defense regardless of its potential for success in the circumstances of the case. And Roa's contention that he would have been aided by the testimony of "Mr. Miller" was conclusory and speculative.
 
 
 6
 We have considered all of Roa's contentions on this appeal and have found them to be without merit. The order of the district court is affirmed.