**UNITED STATES of America, Plaintiff,**

v.

**Archie LAANO, M.D. Defendant.**

No. 00–116.

United States District Court, E.D. New York.

July 24, 2001.

Alan Vinegrad, United States Attorney, By Wayne L. Baker, Assistant United States Attorney, Central Islip, NY, for Plaintiff.

Joseph R. Maddalone, Jr., Melville, NY, for Defendant.

## MEMORANDUM AND ORDER

WEXLER, District Judge.

Defendant Archie Laano ("Defendant" or "Laano"), who entered a plea of guilty in this matter on May 21, 2001, now moves for an order pursuant to Rule 32(e) of the Criminal Rules of Civil Procedure to withdraw his plea of guilty For the reasons set forth below, the motion is denied.

## BACKGROUND

I. *Pre–Plea Proceedings and The Plea of Guilty*

On March 1, 2000, Laano was arrested pursuant to an arrest warrant. On May 7, 2001, after issuance of several orders of excludable delay, a jury was selected. At the time of the selection, a firm trial date of May 23, 2001 was set. On Saturday, May 19, 2001, Laano's counsel contacted the government and said his client was interested in a plea agreement offered earlier in the week but wished to discuss the matter with his family. That evening, Laano, through counsel, accepted the plea agreement. On Sunday, May 20, 2001, the defendant executed and faxed the plea agreement to the government. The next morning, two days before the trial was scheduled to begin, Laano pled guilty to count one of a two-count superseding indictment. That count charged Laano with

health care fraud in violation of 18 U.S.C. § 1347.

## II. *The Plea Agreement and the Court's Acceptance of Laano's Guilty Plea*

The plea agreement between Laano and the government was a level 15 offense. In the event the Laano had proceeded to trial, Laano would not have had the possibility of the benefit of a downward departure for acceptance of responsibility and could have been sentenced to a higher level pursuant to the sentencing guidelines.

When Laano entered his guilty plea he was questioned by the court regarding his state of mind and his understanding of the consequences of entry of the plea. Questioning in open court, however, was not the first time that the court inquired as to Laano's state of mind and his understanding of the consequences of his plea.

It is the practice of this court to provide a written plea to all defendants prior to pleading guilty before the court. That written plea sets forth each and every question that the court intends to pose to defendant at the time of the plea. It also sets forth, in detail, the rights that the defendant is surrendering by choosing to enter a plea of guilty. The written plea is more than a statement; it is written in question and answer format and seeks written responses from defendant and his counsel prior to commencement of proceedings in court. Importantly, the court allows the defendant to meet with defense counsel, in private, prior to entry of the plea to allow counsel to review the written plea and explain all aspects of the plea procedure and its consequences prior to signing the document and entering the plea on the record.

In the written plea, Laano stated that his mind was clear and that he understood the proceedings. Laano's counsel indicated that he had discussed the matter with his client, that his client understood the nature of the proceedings and that there was no doubt about Laano's competence to plead guilty.

Laano's written responses to the questions posed in the plea document also indicated his knowledge that he had the right to plead not guilty and to proceed to trial. He was informed of the trial rights that he was waiving, including the right to a speedy trial, the government's responsibility to prove guilt by proof beyond a reasonable doubt and the right against self-incrimination. Laano responded affirmatively to the question in the written plea asking whether he was making his guilty plea voluntarily and of his own free will. Further, he replied "no" when asked whether anyone had threatened him or forced him to plead guilty.

After Laano was given ample to time review the written plea, proceedings were commenced in court. At those proceedings, the court asked Laano the same questions posed in the written plea. Upon Laano's recitation of the statements set forth in the plea, this court accepted the plea of guilty.

## III. *The Present Motion*

In support of his motion to withdraw his plea, Laano argues that he was not thinking clearly when he decided to plead guilty. He states that he "felt compelled to accept the plea" to avoid financial consequences of potential civil actions and that in accepting the plea, he was trying to preserve assets for his wife. Laano characterizes the present motion as "not a case of changing my mind," but, instead, a case where his "ability to make a rational decision was impaired because [he] was under mental distress and duress."

Finally, Laano argues he is deeply sorry for the inconvenience he has caused the Court and the government by preparing for a trial, selecting a jury, pleading guilty and seeking to withdraw his plea. However, he claims that since he is innocent he has the right to a fair jury trial and that his request is reasonable under the circumstances.

## DISCUSSION

### I. Legal Principles: Fair and Just Reason to Withdraw a Plea of Guilty

A motion to withdraw a plea of guilty can be sustained only if the defendant can show a "fair and just reason" pursuant Rule 32(e) of the Federal Rules of Criminal Procedure. Although the standard appears broad and permissive, the Second Circuit has held that a defendant has no absolute right to withdraw his plea and this court's discretion is broad. *United States v. Goodman*, 165 F.3d 169, 173 (2d Cir.1999); *see United States v. Sweeney*, 878 F.2d 68, 70 (2d Cir.1989). The defendant bears the burden of proving that a fair and just reason exists for the court to grant the requested withdrawal. *See United States v. Williams*, 23 F.3d 629, 635 (2d Cir.1994).

There is no automatic entitlement to an evidentiary hearing on a motion to withdraw a plea. Instead, a hearing is required only where defendant presents some "significant questions regarding the voluntariness or general validity of the plea ...." *Gonzalez*, 970 F.2d at 1100. Importantly, the fact that a defendant had "a change of heart prompted by his reevaluation of either the Government's case against him or the penalty that might be imposed is not a sufficient reason to permit withdrawal of a plea." *United States v. Gonzalez*, 970 F.2d 1095, 1100 (2d Cir.1992).

The reluctance to liberally grant a request to withdraw a plea reflects the "strong interest" of society "in the finality of guilty pleas, and allowing withdrawal of pleas not only undermines confidence in the integrity of our judicial procedures but also increases the volume of judicial work, delays and impairs the orderly administration of justice." *Id.*, quoting, *United States v. Sweeney*, 878 F.2d 68, 70 (2d Cir.1989). A defendant may not be allowed to make a tactical decision to enter a plea, and then obtain a withdrawal simply because he has decided that he made a bad decision in pleading guilty.

### II. Disposition of the Motion

Applying the aforementioned principles, the Court must reject Laano's Rule 32(e) motion. As noted above, Laano's motion to withdraw his plea is based upon his assertion of actual innocence. Additionally, he states that he was not thinking clearly when he decided to plead guilty and that he "felt compelled to accept the plea" to avoid financial consequences of potential civil actions. Laano states that his "ability to make a rational decision" at the time of the plea "was impaired because [he] was under mental distress and duress."

Laano's current claim of innocence is not reason enough to allow withdrawal of his plea. "Self-inculpatory statements ... made under oath carry a strong presumption of veracity." *United States v. Sagginario*, 2001 WL 185051, at *2 (E.D.N.Y. Feb.16, 2001), quoting, *United States v. Maher*, 108 F.3d 1513, 1530 (2d Cir.1997). Allowing Laano to withdraw his plea of guilty based on his claim of innocence requires the court to disregard prior written and oral statements made under oath that were treated as conclusive and truthful statements at the time they were made. This, the court is unwilling to do.

Laano's claim of duress stems from his stated anticipation of financial loss to him and concern for his wife at the time of the pleading. Laano never conveyed to the court that he was suffering under any duress. He is a highly educated physician and submits no objective evidence in support of his current claim. His claims of mental distress and family pressure are not sufficient to allow withdrawal of a guilty plea. *Accord United States v. Diaz*, 1997 WL 5907, at *1, 2 (S.D.N.Y. Jan.7, 1997).

At the time of the plea, this court went to great lengths to ensure that Laano entered his plea willingly, on the advice of competent counsel and with a clear mind. Laano's confidential review of the written plea with counsel and his ability to take the time to understand the nature of the proceedings, makes its difficult, if not impossible, to accept a claim that Laano was under duress at the time of the plea.

## CONCLUSION

Laano has raised no ground upon which his Rule 32(e) motion can be granted. Nor has he set forth any information requiring an evidentiary hearing. Under these circumstances, the motion pursuant to Rule 32(e) of the Federal Rules of Criminal Procedure is denied.

SO ORDERED.