UNITED STATES of America,
Appellee,

v.

Eric MILLAN et al., Defendants,

Jose Colon, also known as "Black Jose," also known as "Juice,"
Defendant–Appellant.

No. 00–1715.

United States Court of Appeals,
Second Circuit.

Oct. 3, 2001.

**36**

Martin Goldberg, New York, NY, for appellant.

Robert Finzi, Assistant United States Attorney; Mary Jo White, United States Attorney, Southern District of New York; Baruch Weiss, Assistant United States Attorney, New York, NY, for appellee.

Present JOHN M. WALKER, JR., Chief J., JAMES L. OAKES, and SONIA SOTOMAYOR, Circuit Judges.

### SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of said district court be and it hereby is AFFIRMED.

Defendant-appellant Jose Colon appeals from an October 18, 2000 judgment of conviction entered in the district court following a six-month jury trial. Colon's conviction related to his participation in the "Blue Thunder" organization, a massive and longstanding conspiracy to sell narcotics.[1] He was sentenced to consecutive 20-year terms on each of his two counts of conviction, thus imposing an aggregate sentence of 480 months' imprisonment.

On this appeal, Colon argues the following: (1) his trial attorney was ineffective because he failed to advise Colon to plead guilty after the district court ruled that certain unrelated evidence of police corruption that had led to the mistrial of Colon's co-defendants would not be admitted; (2) his trial attorney was ineffective because he purportedly misinformed Colon as to the maximum possible sentence were the jury to convict, as it ultimately did; (3) the district court erred in failing to grant him a downward departure; and (4) there was insufficient evidence for the jury to convict him on count X of the indictment, possession with the intent to distribute 83 glassines of heroin.

Having fully considered Colon's ineffective assistance claims on this direct appeal, *see United States v. Leone*, 215 F.3d 253, 256 (2d Cir.2000), we find them to be without merit. With respect to Colon's contention that his trial counsel's failure to advise him to plead guilty after the district court's *in limine* refusal to admit evidence of police corruption from an unrelated case but involving the officers in his case, the trial counsel's advice to proceed to trial rather than to plead guilty was at the time strategically valid, even if ultimately unsuccessful. Specifically, given the scope of the trial—lasting six months and including the testimony of dozens of witnesses—it was a matter of reasonable trial strategy for Colon's attorney to believe that at some point in the trial the

1. Published opinions setting forth the factual and procedural background of the "Blue Thunder" cases include: *United States v. Rosario*, 111 F.3d 293 (2d Cir.1997); *United States v. Millan*, 17 F.3d 14 (2d Cir.1994); *United States v. Millan*, 2 F.3d 17 (2d Cir. 1993); *United States v. Millan*, 817 F.Supp. 1086 (S.D.N.Y.1993); *United States v. Millan*, 817 F.Supp. 1072 (S.D.N.Y.1993).

government would, either accidentally or of necessity, "open the door" to the introduction of police misconduct. "Actions or omissions by counsel that might be considered sound trial strategy do not constitute ineffective assistance." *Mason v. Scully,* 16 F.3d 38, 42 (2d Cir.1994) (internal quotation marks omitted).

■ Similarly, Colon's allegation that his trial attorney incorrectly estimated Colon's exposure under the Sentencing Guidelines does not constitute ineffective assistance. *See United States v. Sweeney,* 878 F.2d 68, 70 (2d Cir.1989). This is because, in the course of Fed.R.Crim.P. 11 proceedings prior to the district court's acceptance of a later-withdrawn plea of guilty on the same counts, the district court advised Colon that count one of the indictment alone "carries a maximum sentence of life imprisonment." Colon was plainly on notice of the period of incarceration he faced if found guilty at trial, and thus has not established "a reasonable probability that the outcome of the proceeding would have been different" but for "counsel's [allegedly] deficient performance." *Mayo v. Henderson,* 13 F.3d 528, 534 (2d Cir.1994).

■ As for Colon's contention that the district court erred in failing to grant him a downward departure, we disagree. It is apparent from the record that the sentencing judge recognized her authority to depart from the Sentencing Guidelines, but chose not to do so on the facts of the case. This decision is not appealable. *See United States v. Walker,* 191 F.3d 326, 338–39 (2d Cir.1999).

Finally, Colon's contention that there was insufficient evidence for the jury to convict him on count X of the indictment is barred by the law of the case doctrine. *See United States v. Ben Zvi,* 242 F.3d 89, 96 (2d Cir.2001) (stating "a decision made at a previous stage of litigation, which could have been challenged in the ensuring appeal but was not, becomes the law of the case; the parties are deemed to have waived the right to challenge that decision").

For these reasons, the judgment of conviction is hereby AFFIRMED.