**UNITED STATES of America,
Appellee,**

v.

**Raymond THOMAS, Defendant–
Appellant.**

**No. 01–1070.**

United States Court of Appeals,
Second Circuit.

Sept. 4, 2003.

Emily R. Daniel, New York, NY, for Defendant–Appellant.

Harry A. Chernoff, Assistant United States Attorney, Southern District of New York (Christine H. Chung, Assistant United States Attorney, of counsel, James B. Comey, United States Attorney, on the brief), New York, NY, for Appellee.

PRESENT: MESKILL, MINER, and STRAUB, Circuit Judges.

SUMMARY ORDER

Defendant–Appellant Raymond Thomas appeals from a judgment of the United

States District Court for the Southern District of New York (Shirley Wohl Kram, *Judge*) convicting him, upon his guilty plea, of one count of possessing firearms as a felon in violation of 18 U.S.C. § 922(g)(1).

In November 1999, while incarcerated on state charges, Thomas was indicted on seven counts of possessing a weapon as a convicted felon in violation of 18 U.S.C. § 922(g)(1), and one count of possessing a firearm that had an obliterated serial number in violation of 18 U.S.C. § 922(k). In May 2000, pursuant to a plea agreement with the government, Thomas pleaded guilty to a superseding information charging him with one count of possessing seven weapons. The District Court found that Thomas was competent to enter the plea and that his plea was voluntary. On January 31, 2001, the court sentenced Thomas to 110 months' imprisonment, three years' supervised release, and a $100 special assessment. Thomas filed a timely notice of appeal.

Rather than pursuing an appeal, Thomas's appellate counsel, Emily Daniels, filed a motion to be relieved as counsel pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), and the government filed a motion for dismissal, or in the alternative, for summary affirmance. Thomas filed a *pro se* brief raising a claim of ineffective assistance of counsel. Thomas argued that he pleaded guilty because his trial counsel, John Byrnes, had incorrectly advised Thomas that if he went to trial on the indictment, he could be sentenced to 75 years' imprisonment.

In March 2002, this Court denied without prejudice both appellate counsel's *Anders* motion and the government's motion. We remanded the case to the District Court for a determination of whether Byrnes informed Thomas that he would face up to 75 years' imprisonment if convicted at trial. We indicated that if the District Court found that Thomas was so advised, appellate counsel should brief the issue of "whether the maximum sentence Thomas could have received had he entered a plea of not guilty and been convicted following a trial was actually 15 years and, if so, whether this fact rendered trial counsel ineffective in violation of the Sixth Amendment."

The District Court conducted a hearing at which Thomas and his trial counsel, Byrnes, testified regarding their conversations prior to Thomas's guilty plea. Byrnes did not dispute that he advised Thomas that the maximum sentence under the statute for *each* of the first seven weapons counts in the indictment was ten years' imprisonment and the statutory maximum for the obliterated serial number count was five years' imprisonment for a total maximum exposure under the statute of 75 years. Byrnes also testified, however, that he told Thomas that "it would be unlikely that he would get any 75 year sentence on this," and that he would "probably ... be sentenced within the Guidelines range." Relying on notes that he made in conjunction with a meeting with Thomas in February 2000, over two months prior to Thomas's plea, Byrnes recalled explaining the potential Sentencing Guidelines calculations to Thomas as follows:

> I think I came up with a figure if he went to trial on the case, if he was at a level 28 at category six, he would have been facing 140 to 175 months. If he had pled guilty on a category five at level 25, ... he would be facing 100 to 125 months, something like that. I wasn't sure at that time what his criminal history was, whether it was five or six, it wasn't clear to me so I was giving him the different options.

According to Byrnes, he discussed the applicability of the Sentencing Guidelines

with Thomas again upon receipt of the government's *Pimentel* letter (which projected a Guidelines range of 110 to 137 months if Thomas were to plead guilty to all eight counts in the indictment). Finally, Byrnes testified that when he explained the May 2000 plea agreement to his client, he reviewed both the maximum sentence under the statute and the applicable Guidelines ranges. Byrnes confirmed that he told Thomas that the Sentencing Guidelines would apply whether pleaded guilty or he went to trial.

Thomas, however, testified that Byrnes led him to believe that if Thomas proceeded to trial and was convicted on all eight counts in the indictment, he would receive the maximum–75 years' imprisonment. Contrary to Byrnes's testimony, Thomas asserted that Byrnes did *not* explain to him that the Sentencing Guidelines would apply to him if he proceeded to trial. Thomas asserted that he decided to take the plea because the potential 75–year sentence was "too much time for [him]."

After the hearing, the District Court entered an order finding that "Byrnes informed the defendant that he would face up to 75 years of imprisonment if he pleaded not guilty and was convicted on seven counts charging firearms possession as a convicted felon in violation of 18 U.S.C. § 922(g) and one count charging possession of a firearm with an obliterated or removed serial number." Although it did not directly attempt to resolve the conflict between Byrnes's and Thomas's testimony as to Byrnes's advice regarding the applicability of the Sentencing Guidelines, the District Court explicitly found "the testimony of Mr. Byrnes credible as to his recall of conversations between [him] and his client and the progression of the case."

In his supplemental appellate brief, Thomas reasserts his argument that his guilty plea should be vacated on the grounds of ineffective assistance of counsel. He argues that he could not have faced 75 years' imprisonment upon conviction after trial because the indictment failed to allege a separate basis for the first seven counts of gun possession. As such, according to Thomas, the indictment was multiplicitous and the actual statutory maximum was 15 years. In addition, Thomas notes for the first time in his reply papers that "[e]ven if the government had advanced proof of seven separate instances of firearms possession, the counts would likely be grouped as related counts pursuant to U.S.S.G. § 3D1.2."

"Ineffective assistance of counsel 'may render a guilty plea involuntary and hence invalid.'" *United States v. Couto,* 311 F.3d 179, 187 (2d Cir.2002) (quoting *Ventura v. Meachum,* 957 F.2d 1048, 1058 (2d Cir.1992)). To show that his trial counsel rendered ineffective assistance, Thomas must establish that Byrnes's "representation fell below an objective standard of reasonableness" and that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart,* 474 U.S. 52, 57, 59, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985) (citations and internal quotation marks omitted). A criminal defendant considering whether to plead guilty is entitled to the informed, professional advice of his counsel. *See Purdy v. United States,* 208 F.3d 41, 44–45 (2d Cir.2000) (citing *Boria v. Keane,* 99 F.3d 492, 496–97 (2d Cir.1996)). Such advice should include information regarding "the comparative sentence exposure between standing trial and accepting a plea offer," as such information "will often be crucial to the decision whether to plead guilty." *United States v. Gordon,* 156 F.3d 376, 380 (2d Cir.1998) (citations and internal quotation marks omitted); *see also Cullen v. United States,* 194 F.3d 401, 404 (2d Cir.1999). Thomas's ineffective assistance of counsel claim fails because he

has not shown that his counsel's advice regarding his "comparative sentence exposure" was unreasonable.

In *United States v. Pelusio*, 725 F.2d 161 (2d Cir.1983), we held that "absent any evidence" that the defendants in that case "received [the gun and ammunition] on separate occasions, they could not lawfully be found guilty of receipt of the gun and the ammunition as separate crimes forming the subject of multiplicitous counts." *Id.* at 168. In so holding, we explicitly carved out those cases where the government *can* prove that the weapons were separately acquired. Other circuits have followed suit, recognizing that "[g]uns that are acquired at different times or stored in separate places permit separate punishment to be imposed for each violation of § 922(g)." *United States v. Keen*, 96 F.3d 425, 432 n. 11 (9th Cir.1996); *see also, e.g.*, *United States v. Hutching*, 75 F.3d 1453, 1460 (10th Cir.) ("The 'simultaneous possession' of multiple firearms generally 'constitutes only ... one offense' unless there is evidence that the weapons were stored in different places or acquired at different times."), *cert. denied*, 517 U.S. 1246, 116 S.Ct. 2502, 135 L.Ed.2d 193 (1996); *United States v. Buchmeier*, 255 F.3d 415, 423 (7th Cir.) (same), *cert. denied*, 534 U.S. 1014, 122 S.Ct. 505, 151 L.Ed.2d 414 (2001); *United States v. Cunningham*, 145 F.3d 1385, 1389 (D.C.Cir. 1998) (same), *cert. denied*, 525 U.S. 1128, 119 S.Ct. 917, 142 L.Ed.2d 914 (1999).

In light of this caselaw, there was a possibility that if the government proved that the weapons that Thomas possessed were separately acquired–a fact at least partially suggested by Thomas during his plea allocution–the maximum applicable penalty under the statute could be 75 years' imprisonment. As such, Byrnes did not err in reviewing this (albeit unlikely) scenario with his client, particularly because Byrnes properly advised Thomas

that he would likely receive a sentence under the Guidelines instead. And Byrnes's estimates of the probable Guidelines ranges were reasonable. *Cf. United States v. Sweeney*, 878 F.2d 68, 70 (2d Cir.1989) (noting that an attorney's Guidelines prediction is, by nature, an estimate). Thomas has, therefore, not demonstrated that Byrne's performance "fell below an objective standard of reasonableness." *Strickland v. Washington*, 466 U.S. 668, 688, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

We have considered all of the defendant's remaining arguments and find them to be without merit. For the foregoing reasons, the judgment of the District Court is AFFIRMED.